THILL *v*. DANNA.

1. MUNICIPAL CORPORATIONS—STATE HOUSING CODE — POWERS OF BOARD OF APPEALS.

Under the State housing code, as amended by Act No. 371, Pub. Acts 1925, the board of appeals therein provided for has power to authorize departure from minimum requirements only in case practical difficulties are encountered or unnecessary or unreasonable hardship would result from strict application of the law, and it has no power to condone or validate a violation for which no necessity existed.

2. EQUITY—INJUNCTION—LACHES—ESTOPPEL.

Where plaintiffs stood by inactive while defendants went to great expense in the erection of a building which violated the State housing code, as amended by Act No. 371, Pub. Acts 1925, they were guilty of laches and are estopped from maintaining a suit to enjoin its completion, since equity looks at the whole situation and grants or withholds relief as good conscience dictates.

Appeal from Wayne; Warner (Glenn E.), J., presiding. Submitted February 2, 1927. (Docket No. 119.) Decided December 1, 1927.

Bill by Harry Thill and another against Anthony Danna and another to enjoin the completion of a building. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Edmund M. Sloman,* for plaintiffs.

*Edward J. Jeffries, Jr.,* for defendants.

WIEST, J. By injunction bill plaintiffs sought to restrain defendants from completing the erection of a building in violation of the State housing code, as

[1]Municipal Corporations, 43 C. J. § 396; [2]Equity, 21 C. J. §§ 12, 226.

amended by Act No. 371, Pub. Acts 1925. Defendants set up authorization by the board of appeals, created by the code, and averred that plaintiffs were guilty of laches. Plaintiffs attack the constitutionality of the provision of the code creating a board of appeals. Plaintiffs appealed from a decree dismissing their bill.

We find no occasion to pass upon the constitutionality of the code relative to a board of appeals. If the code is valid it is of no help to defendants. Defendants were guilty of a violation of the code in locating their building on the lot adjoining the premises of plaintiffs and their petition to the board of appeals was but a confession of their violation and a request that their transgression be validated. The board of appeals, under the provisions of the code, has no such power. The code permits the board of appeals to authorize departure from minimum requirements *only* in case practical difficulties are encountered or unnecessary or unreasonable hardship would result from the application of the strict letter of the law. Defendants possessed sufficient land upon which to place their building in strict compliance with requirements of the code, so there existed no practical difficulty calling for leave to depart from the letter of the law. It is, perhaps, needless to say that when a person can just as well as not comply with the requirements of the housing code there exists no unnecessary or unreasonable hardship warranting leave to depart therefrom, or, in case of departure, excuse for validating the violation. The action of the board of appeals was a nullity for want of jurisdictional subject-matter. But this does not dispose of the case before us.

The proofs show that plaintiffs stood by inactive, with full knowledge of just what was being done and where the building was located, until all excavations

were made, the walls up, the roof on, and, as the testimony of the architect shows, defendants had expended in its construction around $28,000, and the cost to replace it where it is claimed it should be would be "prohibitive" by reason of which plaintiffs have been guilty of laches and are estopped.

In *McKee* v. *City of Grand Rapids,* 137 Mich. 200, it was said, quoting from the syllabus:

"One who makes a mere protest, and waits until an expensive improvement is completed, cannot invoke the aid of a court of equity to undo the expensive work."

See, also, *Freeman* v. *McDonough,* 219 Mich. 132.

The code was at all times at the service of the plaintiffs and they should have invoked its provisions before defendants went to great expense in building. Equity looks at the whole situation and grants or withholds relief as good conscience dictates. On this record we find no occasion to disturb the decree appealed from.

The decree is affirmed, with costs to defendants.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.