SEELEY v. PHI SIGMA DELTA HOUSE CORPORATION.

1. COVENANTS—BUILDING RESTRICTIONS—LANGUAGE USED TO BE TAKEN IN ORDINARY AND POPULAR SENSE.

The language employed in stating a building restriction is to be taken in its ordinary and generally understood or popular sense, and is not to be subjected to technical refinement, nor the words torn from their association and their separate meanings sought in a lexicon.

2. SAME—RESTRICTIVE COVENANT RUNS WITH LAND.

A covenant restricting the use of the land to one single private dwelling house found in the deed, a land contract, and transfer thereof, is a restrictive covenant running with the lands burdened and benefited thereby.

3. SAME—"PRIVATE DWELLING HOUSE" DEFINED.

In building restriction cases involving covenants, the term "private dwelling house," means a building designed as a single dwelling to be used by one family.

4. SAME—INTERPRETING RESTRICTIVE COVENANT.

Definitions adopted for legislative purposes in housing codes and zoning ordinances may not be employed in interpreting or construing a restrictive covenant running with land.·

5. SAME—COLLEGE FRATERNITY OR CHAPTER HOUSE NOT A PRIVATE DWELLING.

A restrictive covenant running with land, limiting use thereof to "one single private dwelling house," prohibits a college fraternity or chapter house, intended to provide board and rooms for part of the members and a gathering place for fraternity purposes for all members.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 3, 1928. (Docket No. 8, Calendar No. 33,842.) Decided December 4, 1928.

For multiple residence structures as violation of restrictive covenants, see annotation in 45 L. R. A. (N. S.) 726; L. R. A. 1918C, 873.

Bill by Ray R. Seeley and another against the Phi Sigma Delta House Corporation and others to enjoin the violation of building restrictions. From a decree for plaintiffs, defendants appeal. Affirmed.

*Stivers & Laird,* for plaintiffs.

*David I. Hubar (Harold B. Desenberg,* of counsel), for defendant corporation.

*Bonisteel & Lane,* for other defendants.

WIEST, J. This is a building restriction case, and presents the question whether use of property, restricted by covenant running with the land to "one single private dwelling house," prohibits the erection and use of a college fraternity or chapter house. Plaintiffs own and reside upon premises in a residential district in the city of Ann Arbor, restricted by deed, as above mentioned. Defendants Lloyd purchased premises adjoining plaintiffs, subjected by deed to the same restriction, and sold the premises to defendants Menefee on land contract, carrying the restriction, and the Menefees sold their contract interest to defendant Phi Sigma Delta House Corporation, subject to the restriction. Other neighboring property is restricted likewise. Defendants appealed from a decree enjoining construction of a fraternity house on the premises.

The language employed in stating the restriction is to be taken in its ordinary and generally understood or popular sense, and is not to be subjected to technical refinement, nor the words torn from their association and their separate meanings sought in a lexicon. The term as a connected whole was employed for a purpose and if such purpose is manifest, and the words to accomplish it apt, we need

only make application thereof to the facts established by the evidence. We here find the term employed for restrictive purposes in deeds, a land contract, and transfer thereof, and, therefore, it is a restrictive covenant running with the lands burdened and benefited thereby. We have before us, even as defendant corporation had before it in the very transfer under which it claims, a restriction couched in a few English words of common use and general understanding, and we must accord them their ordinary or popular sense in the accomplishment of the purpose the words as a term express. The restriction was imposed by an owner when he sold lots in a residential district, and the purpose was to preserve such character with its assurance of privacy and quiet enjoyment for the reciprocal benefit of all purchasers of lots.

Abstractedly stated, the words dwelling house are of multiple meanings (19 C. J. p. 843), but they assume concrete meaning, to accord with the sense in which they are employed, in particular instances. In building restriction cases involving covenants, the term "private dwelling house" means a building designed as a single dwelling to be used by one family. *Schadt* v. *Brill,* 173 Mich. 647 (45 L. R. A. [N. S.] 726); *Kingston* v. *Busch,* 176 Mich. 566; *De Galan* v. *Barak,* 223 Mich. 378. Defendants do not quarrel with such meaning of the term, but think it inapplicable.

It is the contention of defendants that a college fraternity, being an association of students, bound by ties of friendship and mutual obligations for convenience in having living quarters and accommodations, inclusive of recreational advantages and society purposes, constitutes the members one family and the fraternity house a single private dwelling

house. A college fraternity may assume some attributes characteristic of a natural family relation, but does so for the comfort of the members and for convenience of management, and it is obvious that the relation is purely artificial, is a business proposition, and more nearly approximates the character of a club, boarding house, or apartment house, with added recreational privileges, than a family.

The defendant corporation does not intend to erect a single private dwelling house upon the premises. Such a house would be of no use for its purposes. It needs a large building to serve as a boarding place for many members, sleeping accommodations for 30 or more, and club and recreational and gathering headquarters for all of its members. But it is said that the house is to have but one kitchen and such fact will constitute it one single private dwelling house. We do not think so. A family hotel, a boarding house, lodge quarters, churches, clubs, and restaurants may have but one kitchen, and yet not one such be able to qualify under the term "one single private dwelling house."

Plaintiffs cite *Hannan* v. *Harper,* 189 Wis. 588 (208 N. W. 255, 45 A. L. R. 1119), and defendants cite *City of Syracuse* v. *Snow,* 205 N. Y. Supp. 785. The *Hannan Case* involved the law of landlord and tenant, and it was held that right of quiet enjoyment by a tenant, renting the first floor of a dwelling house, prevented the landlord from renting the second floor to a college fraternity. The *Syracuse Case* involved construction of a zoning ordinance, under which a sorority, qualified by ordinance definition to be in one class and location, was placed in another.

Definitions, adopted for legislative purposes in housing codes and zoning ordinances, cannot be employed in interpreting or construing a restrictive

covenant running with land. The purpose of the restrictive covenant in the case at bar was to maintain the quiet, the privacy, and family character of a residental district.

We hold that a restrictive covenant running with land, limiting use thereof to "one single private dwelling house," means one house, for a single family, living in a private state, and prohibits a college fraternity, or chapter house, intended to provide board and rooms for part of the members and a gathering place for fraternity purposes for all members.

The decree in the circuit is affirmed, with costs to plaintiffs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.