BOHM *v.* ROGOFF.

1. COVENANTS—BUILDING RESTRICTIONS—MINIATURE GOLF COURSE.
   Construction and operation of miniature golf course in residential
      district is violation of building restriction limiting use of lots
      in subdivision to residential purposes.

2. APPEAL AND ERROR.
   Part of decree not appealed from is affirmed, on appeal.

3. INJUNCTION—COVENANTS—BUILDING RESTRICTIONS—ABANDONMENT
   OF PROHIBITED USE.
   In suit to enjoin construction and operation of miniature golf
      course in violation of building restrictions, statement in de-
      fendant's brief, on appeal, that course has been abandoned
      does not prevent decree prohibiting such use.

Appeal from Wayne; Moll (Lester S.), J. Sub-
mitted October 27, 1931. (Docket No. 104, Calendar
No. 35,945.) Decided December 8, 1931. Rehearing
denied March 3, 1932.

Bill by George E. Bohm and others against Alfred
Rogoff and others to enjoin violation of building
restrictions by the construction and operation of a
miniature golf course. Bill dismissed. Plaintiffs
appeal. Reversed and decree entered.

*Louis Rosenzweig,* for plaintiffs.

*Monaghan, Crowley, Reilley & Kellogg,* for de-
fendants.

WIEST, J. Plaintiffs prosecute this appeal from a
decree holding that a miniature golf course is no
violation of a restriction reading: "Nothing but
one single dwelling house, of two or more stories

On multiple residence structures as violation of restrictive cove-
nants, see annotation in 45 L. R. A. (N. S.) 726; L. R. A. 1918C,
873.

and the necessary outbuildings, shall be erected on each lot."

The restriction is upon lots in a subdivision. Plaintiffs own neighboring lots in the subdivision, have obeyed the restriction and seek reciprocal obedience by defendants. A miniature golf course is a violation of the restriction; it is not using the premises for residence purposes, but for public use for private gain, subjects such use to public regulation under the police power (*Jaffarian* v. *Building Com'r of Somerville*, 275 Mass. 267 [175 N. E. 641, 74 A. L. R. 403]), destroys the quiet and privacy of the residence district, and should be restrained.

In *Jaffarian* v. *Building Com'r of Somerville*, *supra*, it was said:

"We are of opinion that the miniature golf course proposed to be constructed and used as indicated in the auditor's report constitutes a public amusement within the meaning of this section. While it has aspects of athletic interest, it has the attributes of a public amusement. Its construction and arrangement appear to be designed to attract the attention of travelers, as well as of others. The conduct of the game is public. The action of the players is open to general observation. The plan of the petitioners is a manifest effort to attract people to the game in order to make financial profit to themselves. For participation in the game payment of money is required. It is as much within the purview of the statute as if an admission fee were charged for the observers as well as for the players. It is a plain attempt to make money out of the amusement. Supervision by public officials of the numbers of people likely to gather is or may be as necessary as it is in the conventional and long established kinds of amusement. Although there is present the possible element of instruction to those who desire it, that

does not differentiate the proposed establishment from classification as a public amusement.''

What was there said upon the question of regulation under the police power applies directly to the question of restriction under a covenant running with the land.

In the circuit court defendants contended that change had lifted the restriction. The court found to the contrary. No appeal was taken by defendants.

It avails defendants nothing to contend that the restriction applies only to the kind of buildings to be erected and not to the use of the property. This contention runs counter to the manifest intent of the restriction and would fritter away its benefit.

*Drennen* v. *Mason*, 222 Ala. 652 (133 South. 689), cited in behalf of defendants, is of no help. In that case the court held a miniature golf course in a residence district was not a nuisance. If we made a like holding it would have no bearing upon the issue here involved.

It is stated in the brief for defendants that the miniature golf course has been abandoned. This does not prevent a decree prohibiting such use. A decree will be entered in this court to such effect and affirming the decree in the circuit, so far as not appealed from.

Plaintiffs will recover costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.