BIGHAM v. WINNICK.

1. Covenants—Restrictions—Waiver—Acquiescence—Equity.

The right to enforce a restrictive covenant may be lost by waiver or acquiescence where by failing to act one leads another to believe that he is not going to insist upon the covenant, and another is damaged thereby, or where there has been acquiescence, actual or passive, equity will refuse aid.

2. Same—Equity—Waiver—Laches—Estoppel.

An all-embracing rule cannot be laid down as to what constitutes waiver, laches, or estoppel as to enforcement of a restrictive covenant as each case must stand on its own facts.

3. Same—Restrictions as to Sale of Intoxicating Liquors—Enforcement—Estoppel.

Owners of lots in a subdivision subject to restriction that sale of intoxicating liquors should not be permitted thereupon except for medicinal purposes, who knowingly permitted appellant to sell beer on her premises in the subdivision and make extensive improvements for the purpose of conducting such business *held*, estopped from claiming violation of restriction as to appellant but entitled to insist upon its enforcement against increase of such business by other parties against whom plaintiffs have been vigilant in raising objections.

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted April 7, 1939. (Docket No. 47, Calendar No. 40,346.) Decided June 5, 1939.

Bill by Roy C. Bigham and others against Ida Winnick and others to enforce the restrictions in a subdivision, for an injunction and other relief. Decree for plaintiffs. Defendant Winnick appeals. Reversed.

*William Cohen* and *Morris Luskin,* for plaintiffs.

*Louis Glasier (Friedman, Meyers & Keys* and *Joseph H. Jackier,* of counsel), for defendants.

McALLISTER, J. Russell Woods subdivision in Detroit is subject to the following restriction:

"The sale of intoxicating liquors in any form shall not be permitted on any lot in this subdivision, except that a druggist may sell the same for medicinal purposes in buildings constructed on Livernois road."

The Russell Woods Civic Association is composed of owners of real estate in the subdivision and its purpose, among others, is to carry out the enforcement of the restrictions. Plaintiffs include numerous lot owners as well as the association.

In 1932, defendant Ida Winnick leased for a three-year period a restaurant in the business district of the subdivision, located at the corner of Livernois and Tyler avenues. On May 1, 1933, after the prohibition laws were repealed, defendant applied for and received from the liquor control commission a license to sell beer. Large signs were erected on the building and in an adjoining parking lot advertising the sale of beer at defendants' premises. The business prospered, and during the same year defendant

purchased the property and made extensive improvements. Up to the beginning of 1936, defendant had invested approximately $22,000 in the property. During all of this time beer was being sold and advertisements to this effect were prominently displayed on the premises. No complaints have been made of the manner in which the business has been conducted.

In the spring of 1936, the liquor control commission notified defendant that the restriction had been brought to its attention and that it would not therefore issue a new license to defendant. However, in April, 1936, a hearing on her application for a license was granted to defendant by the commission. Plaintiffs, who had corresponded with the commission with regard to the restriction, were notified of the hearing, and thereafter defendant was granted a further license for the year 1936. In 1937, the commission notified plaintiffs that another hearing would be held on defendants' application for a license that year, and that unless plaintiffs instituted proceedings to enforce the restriction within 60 days from such notice, a license would be granted. Plaintiffs thereupon filed their bill of complaint against three parties, including appellant herein, who had been granted beer licenses, as well as against the liquor control commission, asking that defendants be enjoined from selling intoxicating liquors; that the commission be ordered to revoke licenses already granted, and be enjoined from issuing further licenses. The commission filed an answer disclaiming any interest in the suit, and leaving to the determination of the court the question of whether such licenses should be issued. Two of the defendants were defaulted for failure to answer. Defendant Ida Winnick answered, raising the defenses of waiver, estoppel and laches. After the hearing, the circuit

court entered a decree enjoining the liquor control commission from issuing any license to defendant Winnick, and enjoining her from operating any business in the subdivision for the sale of beer.

The right to enforce a restrictive covenant may be lost by waiver or acquiescence where by failing to act one leads another to believe that he is not going to insist upon the covenant, and another is damaged thereby; or where there has been acquiescence, actual or passive, equity will ordinarily refuse aid. 14 Am. Jur. p. 644. An all-embracing rule cannot be laid down as to what constitutes waiver, laches or estoppel. Each case must stand on its own facts. *Dolecki* v. *Perry,* 277 Mich. 679. In *Thill* v. *Danna,* 240 Mich. 595, plaintiffs stood by inactive while defendants incurred great expense in erecting a building which violated a housing code. It was held that plaintiffs were guilty of laches and estopped to maintain a suit to enjoin completion of the building, on the principle that equity looks at the whole situation and grants or withholds relief as good conscience dictates. See, also, *Hartwig* v. *Grace Hospital,* 198 Mich. 725.

During the period in which defendant was engaged in the selling of beer and making extensive improvements for this purpose on her premises, it appeared from the evidence that in the annual report of the Russell Woods Civic Association, one of plaintiffs herein, it was stated that it was the understanding of the association that defendant's place of business "would be the only exception for Russell Woods." Later, counsel for plaintiff association, during the controversy with the liquor control commission in March, 1937, wrote the commission, stating that "it was our impression at that time (April, 1936) that no licenses would be granted to anyone with this one exception" (defendant). In 1936,

plaintiff Bigham stated before a meeting of plaintiff association, of which at that time he was president, that there was no quarrel with defendant's place of business and that the main objection was the sale of liquor by other persons. The evidence further discloses that plaintiffs had general cognizance of the selling of beer by defendant and that no complaint or objection was made during all of the time that defendant was making the expenditures in improving the premises for carrying on such business.

Plaintiffs, while not complaining of defendant with regard to the restrictions, were vigilant in objecting to other parties who attempted to violate them, and appear always to have taken a firm stand against any increase of such business beyond the single instance confined to defendant. Plaintiffs in this case have the right to insist upon the enforcement of such restrictions in all instances where they are not waived. But with regard to defendant, they must be deemed to have waived their right of enforcement of the restriction; and having permitted her to carry on such business and make large expenditures in connection therewith, they are estopped from now claiming a violation thereof by her and asking equitable relief for enforcement thereof.

The decree of the trial court is reversed and the bill of complaint dismissed, with costs to defendant.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.