The basis of this demurrer is, in effect, that the use of the house in question as a rooming and boarding house is not a violation of the restrictive covenant referred to in the complaint, which provides, in part, that the grantee "will not erect or maintain or permit to be erected or maintained
upon the premises any building except One (1) one-family dwelling house", etc. In support of this claim it is the defendant's argument that the restriction does not apply to the use to which the building may be put but rather to the form of the building, the outward appearance, and that as long as the building looks like a one-family house and is a one-family house in structure, that is all that is necessary to comply with the covenant; that if a limitation on its use was intended the language so signifying would have been employed.
Now, "such restriction is to be construed in connection with the surrounding circumstances which the parties are supposed to have had in mind at the time they made it, the location and character of the entire tract of land, and the purpose of the restriction, — whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers, and whether it was in pursuance of a general building plan for the development and improvement of the property. However, so far as the purpose is definitely stated in the covenant, that purpose should control." Anno. 57 A.L.R. 245.
The allegations of the complaint set out clearly the character and general plan and purpose of the development. The defendant's house was part of a complete real estate development for residential purposes. These allegations are taken as true. With these circumstances in mind, we get considerable light on the purpose of the restrictive covenant which was made a part of each deed as executed and delivered.
If the words "private dwelling", or "one single private dwelling", or "private residence", or "one single private house" had been used, there would be no question at all as to the *Page 313 
extent of the restrictive covenant using such words. They would preclude the use of such a dwelling for a rooming or boarding house. The law as set out in Kalb vs. Mayer,164 App. Div. (N.Y.) 577; Sayles vs. Hall, 210 Mass. 281; Trainorvs. LeBeck, 101 N.J. Eq. 823; and Seeley vs. Phi Sigma DeltaHouse Corp., 245 Mich. 252, is clear and convincing, as is the dissenting opinion in the contrary majority holding in JohnHancock Mutual Life Ins. Co. vs. Davis, 173 Ga. 443. It is definite, therefore, that as I have said, the use of the aforesaid expressions would preclude the defendant's property from being used as a boarding or rooming house.
The omission of the word "private" makes the problem more difficult of answer for that word further restricts the building to be erected. Taylor vs. Lambert, 279 Pa. 514.
Now, it will be noted in the first place that the word "maintained" in the restriction carries the connotation of the word "used." It means that the structure shall be "maintained", that is, used, as a one-family dwelling house. In addition, it will be noted that the words used in the restriction in the instant case are "one (1) one-family dwelling house." The language employed in a restriction is to be taken in its ordinary and generally understood or popular sense. If the purpose is manifest and the words to accomplish it are apt, we need only make application thereof to the facts established by the evidence.Seeley vs. Phi Sigma Delta House Corp., supra.
The restriction was imposed by the original owners of the tract of land of which the defendant's lot was a part when they sold lots in a residential district, and the purpose was to preserve such character with its assurance of privacy and quiet enjoyment for the reciprocal benefit of all purchasers of lots. This may be assumed because the demurrer for its purpose admits the allegations of the complaint to this effect. The evidence will disclose, of course, the factual situation. The defendant, however, seeks to dispose of this question by demurrer notwithstanding. So that we come back to the interpretation of the expression "one (1) one-family dwelling house."
Now, the operation of a boarding house or rooming house is a business. It is generally recognized as such. Therefore, the purchaser of a lot immediately contiguous to that on which a boarding or rooming house is permitted has the object of his purchase, quiet and privacy, entirely destroyed. So that it *Page 314 
would seem clear and reasonable, considering the general plan and development of the tract in question as a high-class residential section, to interpret the words "one (1) one-family dwelling house" to mean used by one family, that is "a family composed of persons blended into a single group for usual domestic purposes." Kalb vs. Mayer, supra.
Whether the aforesaid reasoning be sound or not, it is supported by the authority of Powers vs. Radding, 225 Mass. 110, where the restriction employed the language "that but one dwelling house shall be erected or placed thereon." The court held (p. 114) that in the light of this language taken in connection with the attending circumstances, the deeds were executed, delivered and received with the intention that the words employed defined "the use to which that dwelling should be put and not merely the form of a structure." This would seem to be the answer to the defendant's argument that the restriction in the instant case does not limit the use to which the house may be put, but simply the form thereof. The restriction is valueless otherwise, considering the general character and plan of the development. Powers vs. Radding, supra, interprets "one dwelling house" to be concerned with the use
as well as the form. That is, the house is to be used by one family as that expression is commonly and generally understood. The words in the instant case are more definite in that they restrict the house to be constructed to a "one-family house." Having in mind the allegations of the complaint as to the character of the development of which the defendant's lot was only one of many lots, all containing the same restriction, it is a reasonable deduction that the use of the house as a rooming or boarding house does not conform with the restriction of a "one-family house."
 The demurrer is, therefore, overruled.