MRSA *v.* REYNOLDS.

1. COVENANTS—USE OR OCCUPANCY BY PEOPLE OF THE AFRICAN RACE
—NEGROES.

Clause in conveyances restricting use or occupancy of lots in
subdivision against "people of the African race" included
'colored persons, ·nomenclatured "negroes."

2. SAME—CONSTRUCTION OF USE OR OCCUPANCY RESTRICTIONS.

The language employed in stating a use or occupancy restriction
· is to be taken in its ordinary and generally understood or pop-
ular sense, and is not to be subjected to technical refinement,
' nor the words torn from their association and their separate
meanings sought in a lexicon.

3. SAME—RESTRICTION AGAINST USE OR OCCUPANCY BY PEOPLE OF
AFRICAN RACE—UNCERTAINTY.

Restriction against use or occupancy by people of the African
race was not void for uncertainty and applied to defendants
who are negroes and who had ample notice and knowledge of
the restrictions.

4. CORPORATIONS—DISCRIMINATION—SEGREGATION.

A corporation can make contracts discriminating and segregating
as to race.

5. COVENANTS—RUNNING WITH LAND.

Clause in deed restricting use and occupancy of lots in subdivi-
sion against persons of the African race, runs with land.

6. SAME—PUBLIC POLICY.

Discriminatory clause in deed providing that premises should
not be used or occupied by persons of the African race was
not void as against public policy.

7. CONSTITUTIONAL LAW—EQUAL PROTECTION—DUE PROCESS—RE-
STRICTIVE COVENANT AS TO USE OR OCCUPANCY.

Covenant in conveyances of lot in subdivision, restricting against
use or occupancy by people of the African race was not invalid

Effect of public policy upon validity of covenant restricting use
of land, see 4 Restatement, Property, § 437.

as a violation of the equal protection and due process clauses of the State and the United States Constitutions (U. S. Const. am. 14; Mich. Const. 1908, art. 2, § 16).

8. Appeal and Error—Covenants—Jurisdiction on Remand.

Where 60-day period, provided in decree of circuit court within which defendant negroes were required to vacate premises, restricted against use or occupancy by people of the African race, has expired while case was being decided on appeal, the time within which they must vacate is extended 60 days from entry of decree of affirmance in Supreme Court, the circuit court being vested with jurisdiction to enforce decree entered.

Appeal from Wayne; Chenot (James E.), J. Submitted February 12, 1947. (Docket No. 20, Calendar No. 43,498.) Decided April 17, 1947. Rehearing denied June 27, 1947.

Bill by Katherine Mrsa and others against Collins J. Reynolds and others for mandatory injunction to require defendants to vacate certain premises. Decree for plaintiffs. Defendants appeal. Modified and affirmed.

*Jesse Drake,* for plaintiffs.

*Willis M. Graves* and *Francis M. Dent,* for defendants.

Boyles, J. Plaintiffs are occupants and owners of the fee or of equitable interests in homes in Oakdale subdivision in Detroit. By conveyances and in accordance with mutual understandings, covenants and agreements, without exception the use and occupancy of the premises in this subdivision has been and is restricted as follows:

"None of said premises shall be used or occupied by people of the African race."

Plaintiffs filed this bill of complaint to restrain the defendants from occupying the premises which they had purchased and were occupying at 17927 St. Aubin avenue, being lot 267 of said subdivision. One or more previous conveyances of this lot contained the above restriction. The defendants are negroes and had ample notice and knowledge of the restriction. After hearing proofs, a decree was entered restraining the defendants from occupying said premises, and requiring them to move therefrom within 60 days.

Defendants appeal and seek reversal on several grounds, the first of which is that *people of the African race* does not necessarily mean or include colored persons, nomenclatured Negroes. With this contention we are not in accord.

"The language employed in stating the restriction is to be taken in its ordinary and generally understood or popular sense, and is not to be subjected to technical refinement, nor the words torn from their association and their separate meanings sought in a lexicon." *Seeley* v. *Phi Sigma Delta House Corporation*, 245 Mich. 252, 253.

"Negro. Generally a person belonging to the African race, and having such a proportion of African blood as will identify him with that race." Cyclopedic Law Dictionary, p. 620.

"African, *n.* A native of Africa; also, one ethnologically of an African race." Webster's New International Dictionary (2d Ed.), p. 45.

"Negro. *As a noun.* A black man descended from the black race of South Africa.
"*As an adjective.* Belonging wholly or partly to the African race; of or pertaining to the negroes, or to persons partly of negro origin." 45 C. J. p. 1376.

"African. Of or belonging to the black race of Africa; characteristic of or peculiar to negroes." 2 C. J. p. 395.

"Colored Persons. Not a phrase of art, but often applied to black people, Africans, or their descendants, mixed or unmixed; persons of African descent or negro blood; persons of the negro race; persons who have any perceptible admixture of African blood." 7 Cyc. pp. 400, 401.

"Negro. A black man descended from the black race of South Africa." 29 Cyc. p. 661.

"All marriages heretofore contracted between white persons and those wholly or in part of African descent are hereby declared valid and effectual in law for all purposes." 3 Comp. Laws 1929, § 12695 (Stat. Ann. § 25.6).

"That no life insurance company doing business in this State shall make any distinction or discrimination between white persons and colored persons, wholly or partially of African descent, as to the premiums or rates charged for policies upon the lives of such persons." 3 Comp. Laws 1929, § 12457 (Stat. Ann. 1943 Rev. § 24.293).

"The term 'colored race' is but another designation, and in this country but a synonym for African." *Clark* v. *Board of Directors,* 24 Iowa, 266, 275.

"The law as enacted by congress (naturalization act) gives no place for the consideration of intellectual or moral qualifications or past achievements in a nation or people. It says that the privileges of citizenship of this country may be extended to 'free white persons' and to persons of 'African nativity' and 'African descent.' * * * By persons of African nativity or African descent presumably the statute means the negro races of Africa or their

descendants by intermixture with the races before defined as being the races constituting free white persons. The negro races of Africa presumably referred to are those races from which the emancipated slaves in the United States (who were made citizens by the 14th amendment to the United States Constitution) descend." *Ex parte Shahid,* 205 Fed. 812, 815, 816.

The preliminary emancipation proclamation issued by President Lincoln, September 22, 1862, contains the following declaration:

"That the effort to colonize persons of African descent with their consent upon this continent or elsewhere, with the previously obtained consent of the government existing there, will be continued." G. Mercer Adam's Speeches of Abraham Lincoln, p. 351.

We conclude that the restriction as worded was not void for uncertainty and applies to the defendants herein.

The other questions raised by appellants are: Can a corporation make contracts discriminating and segregating as to race? Is the clause in the instrument in question one that runs with the land? Was the discriminatory clause relied on by the plaintiffs void as being against public policy? Was the restrictive covenant relied on by the plaintiffs valid under section 16, article 2, of the Constitution of Michigan, or contrary to the provisions of the 14th amendment to the United States Constitution? Would the enforcement of said decree by a court of equity deny to the defendants equal protection of the laws of the State of Michigan and of the United States of America? Would the enforcement of said decree by a court of equity constitute a taking of the defendants' property without due process of law?

. These questions have been decided adversely to appellants' contentions by the United States supreme court in *Corrigan* v. *Buckley*, 271 U. S. 323 (46 Sup. Ct. 521, 70 L. Ed. 969), and more recently by this Court in *Sipes* v. *McGhee*, 316 Mich. 614,* and *Northwest Civic Ass'n* v. *Sheldon*, *ante*, 416. We need not repeat what was there written. .

The decree directs that the defendants vacate the premises within 60 days from its entry on November 16, 1945. It will be modified to provide that the defendants vacate the premises within 60 days from the entry of a decree in this Court in accordance with this opinion, which in all other respects will affirm the decree entered in the circuit court, and provide for remand for enforcement thereof, with costs to appellees. .

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.

---

* The case of *Sipes* v. *McGhee* was reversed by the Supreme Court of the United States on May 3, 1948, 334 U. S. 1 (68 Sup. Ct. 836. 92 L. Ed. —).—REPORTER.