EDGEWOOD PARK ASSOCIATION *v.* PERNAR.

1. COVENANTS—RESIDENCE—BOATING AND SWIMMING.
    The use of lake-front lot for boating and swimming purposes by inland lot owners constituted a breach of restrictions confining use of the lot to single-residence purposes.

2. SAME—WAIVER—ACQUIESCENCE.
    The right to enforce a restrictive covenant may be lost by waiver or acquiescence, where by failing to act one leads another to believe that he is not going to insist upon the covenant, and another is damaged thereby; or where there has been acquiescence, actual or passive, equity will ordinarily refuse aid.

3. SAME—WAIVER—LACHES—ESTOPPEL.
    An all-embracing rule cannot be laid down as to what constitutes waiver, laches or estoppel as to enforcement of a restrictive covenant, as each case must stand on its own facts.

4. SAME—LACHES—EVIDENCE.
    Plaintiffs, owners of year-around homes of more than average value, in suit to enforce covenants against use of subdivision

------

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Covenants, Conditions and Restrictions § 246.
[2, 3] 14 Am Jur, Covenants, Conditions and Restrictions § 295.
[4] 14 Am Jur, Covenants, Conditions and Restrictions §§ 340, 357.

lots for uses other than for single-family residences, commenced in 1955, *held*, not guilty of laches, where although there was some relaxation in the enforcement in that some defendants, owners of inland lots, were using one of the lake-front lots for swimming and boating in 1950 and 1951, some defendants were notified of the breaching of restrictions in 1952, all were notified in 1953 and by 1955 there was a material change in the use of the lot; suit having been started with reasonable promptness after it was evident that violations were aimed at permanency.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 11, 1957. (Docket No. 49, Calendar No. 47,238.) Decided November 26, 1957.

Bill by Edgewood Park Association, Inc., a Michigan corporation, Donald S. King and several other property owners against Frank V. Pernar, Virgil Slinker and others to enjoin violation of restrictions in subdivision. Decree for plaintiffs. Defendants appeal. Association withdrew from appeal. Affirmed.

*Patterson & Patterson* and *Barrett,* for plaintiffs.

*Dieterle & Roberts,* for defendants.

SHARPE, J. Plaintiffs filed a bill in chancery to enjoin the violation of restrictions in Edgewood Park subdivision. The above subdivision is located in Commerce township, Oakland county, and was placed on record August 13, 1925. The plat consists of lots 1 to 111 and outlot A, a large area used as a golf course. All of the lots except lots 100 to 111 are lake-front lots with frontage on Straits lake. A general plan of restrictions was placed on said property by the recording of a deed dated January 24, 1944, from the subdivider, Stecker & Huff, Inc., as grantor, to Henry F. Moore and Julia A. Moore,

his wife, as grantees. The restrictions involved in the case at bar are:

"All lots, except lots 94 to 111, inclusive, and except outlot A and resubdivisions of outlot A, in said Edgewood Park subdivision shall be subject to the following reservations, easements, and building and use restrictions:   *   *   *

"(3) Not more than 1 single private residence building shall be erected on any lot, except as otherwise provided for herein. Provided also, that in case any purchaser shall own more than 1 lot, and shall desire to use such lots so owned as 1 building site, the dwelling house in such case shall be located midway between the side lines of such building site."

Plaintiffs are residents of Edgewood Park subdivision. At the institution of the suit the Edgewood Park Association, Inc., who are also lot owners in the subdivision, were also parties plaintiffs; however, subsequent to the trial the association withdrew as a party plaintiff.

Defendants are residents of Golfview Addition No 1 subdivision. This subdivision consists of 27 inland lots subdivided from part of what was originally outlot A of Edgewood Park subdivision.

On September 26, 1948, Henry F. Moore and wife conveyed lot 1 and part of outlot A to Charles A. Ross and Olga G. Ross, his wife, subject to restrictions of record. Charles A. Ross and his wife caused part of outlot A to be platted into a subdivision known as Golfview Addition No 1. This plat was recorded October 6, 1949, and on October 17, 1949, Charles A. Ross and wife recorded a restriction agreement covering Golfview No 1, restricting said premises to single-residence purposes only. Thereafter Ross and wife conveyed the westerly 15 feet of lot 1 of Edgewood Park subdivision to plaintiffs, Harold C. Hill and Margaret M. Hill, his wife. This

deed was dated August 1, 1949, and stated that the conveyance was subject to restrictions.

On September 27, 1950, Charles A. Ross and wife conveyed to Virgil Slinker and Marjorie Slinker, his wife, lots 1 and 2 of Golfview Addition No 1 and an undivided 2/27ths interest in lot 1 of Edgewood Park subdivision, except the westerly 15 feet thereof. Said deed stated that it was subject to restrictions of record. Similar deeds were executed to defendants Pernar and Grinnell.

It appears that at the time of trial, November 8, 1955, there were 10 homes in Golfview Addition and that when all lots were occupied there would be approximately 20 homes in the addition. None of the lots in Golfview Addition have lake frontage.

It appears that Virgil Slinker, the first owner of a lot in Golfview Addition, anchored a boat in front of lot 1 of Edgewood Park subdivision during the summer of 1950, and that the lake frontage in front of lot 1 has been used for boating and swimming by the owners of lots in Golfview Addition.

At the conclusion of the trial the court entered a decree enjoining the use of lot 1 of Edgewood Park subdivision, except the westerly 15 feet, as a means of access to the lake for bathing, swimming or any other purpose and from maintaining a dock for the mooring of boats and from using the lot for any purpose other than single-residence purposes.

Defendants appeal and urge that the trial court was in error in deciding that the acts of defendants were a breach of restrictions.

It is our opinion that the use made of the lot in question was a breach of restrictions. Such use of the land does not come within any definition of a residence purpose. See *Bohm* v. *Rogoff,* 256 Mich 199; *Nerrerter* v. *Little,* 258 Mich 462; *Wilber* v. *Wisper & Wetsman Theatres,* 301 Mich 117.

It is also urged by defendants that plaintiffs are prevented from procuring injunctive relief by reason of laches. Defendants rely upon *Bigham* v. *Winnick,* 288 Mich 620, 623, where this Court said:

"The right to enforce a restrictive covenant may be lost by waiver or acquiescence where by failing to act one leads another to believe that he is not going to insist upon the covenant, and another is damaged thereby; or where there has been acquiescence, actual or passive, equity will ordinarily refuse aid. 14 Am Jur, p 644. An all-embracing rule cannot be laid down as to what constitutes waiver, laches or estoppel. Each case must stand on its own facts. *Dolecki* v. *Perry,* 277 Mich 679. In *Thill* v. *Danna,* 240 Mich 595, plaintiffs stood by inactive while defendants incurred great expense in erecting a building which violated a housing code. It was held that plaintiffs were guilty of laches and estopped to maintain a suit to enjoin completion of the building, on the principle that equity looks at the whole situation and grants or withholds relief as good conscience dictates. See, also, *Hartwig* v. *Grace Hospital,* 198 Mich 725."

In the case at bar defendants rely upon the following: that in 1949 Charles A. Ross and wife were taking steps to subdivide part of outlot A of Edgewood Park subdivision; that the association was requested to take injunctive action against Ross to prevent him from allowing lot 1 to be used for lake front purposes; that defendants would not have purchased lots in Golfview Addition except for the right to use lake frontage; that Virgil Slinker was the first purchaser of a lot in Golfview Addition and moved into his home on or about August 1, 1950, and anchored a boat there until the winter of 1951; that Slinker and others used lot 1 for swimming and boating without protests.

Some of the defendants were notified in the spring of 1952 at a Edgewood Park association meeting that they were breaching the restrictions. In May, 1953, all Golfview Addition lot owners were notified by registered letter that they were breaching the restrictions. It also appears that there was a material change in the use by the defendants of lot 1 in 1955 as opposed to 1950.

Each case must be determined on its own particular facts. In the case at bar there were some relaxations in the enforcement of the restrictions. We note that Edgewood Park subdivision is a high-class lakeshore subdivision, restricted for single residences, upon which are constructed year-around homes of more than average value. Such owners have substantial property rights which must be recognized.

We are of the opinion that suit was started with reasonable promptness after it was made evident that the violations were aimed at permanency. Under the facts in this case plaintiffs were not guilty of laches.

The decree is affirmed, with costs.

DETHMERS, C. J., and SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.