SYLVAN GLENS HOMEOWNERS ASSOCIATION v McFADDEN

Docket No. 50916. Submitted November 19, 1980, at Detroit.—Decided January 22, 1981. Leave to appeal applied for.

Sylvan Glens Homeowners Association, a nonprofit corporation, sought a permanent injunction prohibiting Ralph McFadden from parking his Winnebago motor home in the driveway of his home in Sylvan Glens Subdivision in Troy, Michigan. The association alleged that parking that vehicle in such a manner was a violation of a restrictive covenant contained in the deed to his property which prohibited the use of any temporary building as a temporary or permanent residence, the use or keeping of any trailer, the storage of any equipment or material, or the use or keeping of any boat unless kept in an enclosed garage. Defendant moved for summary and accelerated judgment, and plaintiff moved for summary judgment. The Oakland Circuit Court, Alice L. Gilbert, J., denied defendant's motions but granted plaintiff's motion, entering an order permanently enjoining defendant from parking or storing his vehicle on his property, the court specifically finding that the restrictive covenant embraced defendant's motor home. Defendant appeals. *Held:*

1. Restrictive covenants are generally strictly construed against those claiming a right of enforcement, with all doubts being resolved in favor of the free use of the property. Words used in such covenants are to be given their ordinary meaning.

2. Defendant's motor home does not fall within the scope of the term "trailer" unless that term is expanded beyond its ordinary meaning. Neither can it be said that a motor home falls within the restrictions against temporary buildings, equipment, material or boats. The trial court, accordingly, erred in granting the injunctive order.

Reversed and remanded.

N. J. Kaufman, P.J., dissented. He would hold that the

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 187.
[2] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 213.
[3, 5, 6] 20 Am Jur 2d, Covenants, Conditions, and Restrictions § 186.

defendant's motor home falls within the scope and intent of the language of the covenant. He would hold that the granting of the permanent injunction was proper. He would affirm.

### Oᴘɪɴɪᴏɴ ᴏғ ᴛʜᴇ Cᴏᴜʀᴛ

1. Cᴏᴠᴇɴᴀɴᴛs — Rᴇsᴛʀɪᴄᴛɪᴠᴇ Cᴏᴠᴇɴᴀɴᴛs — Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ.

   Restrictive covenants are generally strictly construed against those claiming the right of enforcement; all doubts are resolved in favor of free use of property; words used in such covenants are given their ordinary meaning.

2. Cᴏᴠᴇɴᴀɴᴛs — Rᴇsᴛʀɪᴄᴛɪᴠᴇ Cᴏᴠᴇɴᴀɴᴛs — Wᴏʀᴅs ᴀɴᴅ Pʜʀᴀsᴇs — Tʀᴀɪʟᴇʀs — Mᴏᴛᴏʀ Hᴏᴍᴇ.

   The parking in one's driveway of a motor home, the same being an automotive vehicle equipped as a self-contained traveling home, is not a prohibited use within the scope of a restrictive covenant prohibiting the use or keeping of a trailer on the subject property, a trailer not being self-propelled, since to hold that a motor home was encompassed within the meaning of the term "trailer" would require that the term "trailer" be expanded beyond its ordinary meaning.

### Dɪssᴇɴᴛ ʙʏ N. J. Kᴀᴜғᴍᴀɴ, J.

3. Cᴏᴠᴇɴᴀɴᴛs — Rᴇsᴛʀɪᴄᴛɪᴠᴇ Cᴏᴠᴇɴᴀɴᴛs — Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ.

   *Restrictive covenants, while to be strictly construed, should, as nearly as possible, be construed to give effect to the intentions of the parties as ascertained from the whole context of the instrument as interpreted according to the reasonable sense of the words used.*

4. Cᴏᴠᴇɴᴀɴᴛs — Rᴇsᴛʀɪᴄᴛɪᴠᴇ Cᴏᴠᴇɴᴀɴᴛs — Rᴇsɪᴅᴇɴᴛɪᴀʟ Pʀᴏᴘᴇʀᴛʏ — Jᴜᴅɪᴄɪᴀʟ Pᴏʟɪᴄʏ — Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ.

   *Restrictive covenants pertaining to residential use of property, insofar as they protect aesthetic considerations considered to be essential constituents of a family environment, are, as a matter of judicial policy, to be given complete effect in accordance with their import in order to avoid great injustice to those property owners who have complied with the covenant's restrictions.*

5. Cᴏᴠᴇɴᴀɴᴛs — Rᴇsᴛʀɪᴄᴛɪᴠᴇ Cᴏᴠᴇɴᴀɴᴛs — Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ.

   *The language used in restrictive covenants is to be taken in its ordinary and generally understood or popular sense and not subjected to technical refinement; the words used should not be torn from their association with the other words of the cove-*

*nant by the seeking of the separate meanings of the words in a lexicon.*

6. COVENANTS — RESTRICTIVE COVENANTS — WORDS AND PHRASES — MOTOR HOME.

*A restrictive covenant prohibiting the use or storage on a subject property of trailers, boats, heavy equipment or temporary structures evidences an intent to prohibit a class which would include a motor home.*

*Faintuck, Shwedel, Wolfram, McDonald & Zipser,* for plaintiff.

*Kenneth R. McAlpine,* for defendant.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

R. B. BURNS, J. Defendant appeals from the trial court's order entering summary judgment on behalf of plaintiff and granting plaintiff permanent injunctive relief.

Defendant is a resident of the Sylvan Glens subdivision in Troy, Michigan. It is undisputed that he is subject to the deed restrictions limiting the use of property within that subdivision. On January 4, 1978, plaintiff homeowners association brought suit to enjoin defendant from parking his Winnebago motor home in his driveway in open view of other subdivision residents. Plaintiff alleged that this was a violation of a restrictive covenant covering the Sylvan Glens subdivision as well as a violation of a municipal zoning ordinance. The restrictive covenant provided:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"TEMPORARY STRUCTURES: No temporary build-
ing of any kind erected on any parcel in this subdivi-
sion shall at any time be used as a temporary or
permanent residence. Nor shall any *trailer* be used or
kept thereon. Nor shall any equipment or material be
stored thereon after the structure is completed. Nor
shall any boat be used or kept thereon unless kept
within *[sic]* enclosed garage." (Emphasis added.)

It should be noted that in plaintiff's complaint,
defendant's vehicle is referred to as a "Winnebago
trailer".

Defendant sought dismissal of the action in
motions for summary and accelerated judgment.
The court denied these motions. Thereafter, plain-
tiff moved for entry of summary judgment on its
behalf and also sought injunctive relief. A hearing
was held on this matter and the parties agreed
that defendant would not be in violation of the
zoning ordinance if he parked his vehicle behind
his residence. By an order dated March 18, 1980,
the court granted plaintiff's summary judgment
motion and also permanently enjoined defendant
from parking or storing his vehicle on his prop-
erty. The court specifically found that the terms of
the restrictive covenant embraced defendant's mo-
tor home.

Defendant argues that the court erred in hold-
ing that defendant's motor home was included
within the terms of the restrictive covenant. We
agree.

Generally, restrictive covenants are strictly con-
strued against those claiming the right of enforce-
ment, and all doubts are resolved in favor of the
free use of property. *Sampson v Kaufman,* 345

Mich 48, 50; 75 NW2d 64 (1956), *Bastendorf v Arndt,* 290 Mich 423; 287 NW 579 (1939). Words used in such covenants must be given their ordinary meaning, and, where clear and unambiguous, they must control. *North Cherokee Village Membership v Murphy,* 71 Mich App 592; 248 NW2d 629 (1976).

Applying these principles to the instant case we conclude that defendant's motor home was not embraced within the terms of the covenant. While the restriction includes "trailers" within its terms, it does not include motor homes. The two types of vehicles are distinct. Webster's Third New International Dictionary, Unabridged (1965), p 2424, defines "trailer", in pertinent part, as "an automobile-drawn highway vehicle designed to serve wherever it is parked as a dwelling or as a place of business (as an office, laboratory, or field headquarters)". On the other hand, Webster's New Collegiate Dictionary (1975), p 752, defines "motor home" as "an automotive vehicle built on a truck or bus chassis and equipped as a self-contained traveling home". Thus, a trailer and a motor home are different kinds of vehicles. A trailer is not self-propelled but is designed to be drawn by another vehicle. Contrariwise, a motor home is a self-propelled independent vehicle. Therefore, since the term "trailer" cannot be interpreted as embracing a motor home, unless that term is expanded beyond its ordinary meaning, we conclude that the restrictive covenant does not embrace defendant's vehicle. Moreover, defendant's motor home could not reasonably be included within the restrictions against temporary buildings, equipment, material or boats.

Accordingly, the cause is reversed and remanded with instructions to the trial court to rescind its injunctive order and dismiss the action.

Reversed. Costs to defendant.


J. W. WARREN, J., concurred.


N. J. KAUFMAN, P.J. *(dissenting)*. I respectfully dissent from the well-written opinion of the majority. Although I do acknowledge that the general rule is to afford restrictive covenants strict construction, I do not believe that this rule is immutable.

As the Supreme Court of this state declared almost a century ago:


"While the rule in construing covenants is to construe them most strictly against the covenantor, and most favorably to the covenantee, yet the rule should be carefully observed as nearly as possible by the obvious intention of the parties, which must be gathered from the whole context of the instrument, interpreted according to the reasonable sense of the words." *Redding v Lamb,* 81 Mich 318, 328; 45 NW 997 (1980).


Thus, I do not think this case should turn on the question of whether a "Winnebago" is a motor home or a trailer but, rather, upon two issues:

1. Is there a restrictive covenant;
2. Has the covenant been violated?

As to the first issue, it is agreed by stipulation that a restrictive covenant does exist. As to the issue of the covenant's violation, it seems to me that the covenant was adopted for the benefit of all of the property in the subdivision. That the covenant did not embrace every conceivable excluded item is clear; however, the intent of the restriction is clearer to me than any dictionary definition could be. A panel of this Court in *Malcolm v Shamie,* 95 Mich App 132, 137-138; 290 NW2d 101 (1980), stated:

"It has been the policy of our judiciary to protect property owners who have complied with the restrictions from violations of the covenants by others. Covenants of restriction, especially those pertaining to residential use, preserve not only monetary value, but aesthetic characteristics considered to be essential constituents of a family environment. Consequently, failure to give complete effect to restricted covenants *in accordance with their import* can work a great injustice to the property owners." (Emphasis supplied.)

Cases involving restrictive covenants are to be determined on their particular facts. *Edgewood Park Ass'n v Pernar,* 350 Mich 204; 86 NW2d 269 (1957).

On an examination of the briefs and records of this particular case, I believe that the trial judge's evaluation of the facts before her should be affirmed. To my view, the intent of the subdivision's restrictions is clear: to preserve the aesthetic appeal of the property. Dictionary definitions notwithstanding, in common parlance a trailer is often synonymous with a motor home.

"The language employed in stating the restriction is to be taken in its ordinary and generally understood or popular sense, and is not to be subjected to technical

refinement, nor the words torn from their association and their separate meanings sought in a lexicon." *Seeley v Phi Sigma Delta House Corp,* 245 Mich 252, 253; 222 NW 180 (1928).

In fact, it seems to me that only those who have really "kept up" with the trends in "recreational vehicles", "modular homes", "mobile homes", "motor homes", "campers", and "vans", recognize what are, to me, distinctions far more subtle than a general class of large vehicles which could become eyesores were they to be parked outside of numerous subdivision residences.

Viewing the restriction as a whole, with its prohibition against trailers, boats, heavy equipment and *temporary structures,* I am convinced that the trial court did not err in including defendant's "Winnebago" within the parameters of the covenant.

As was stated by the Supreme Court:

"The danger to home owners in the building restriction cases is that today's exception becomes tomorrow's precedent and the next day's settled usage. Thus the isolated violation may plant the seed of a general practice which may subsequently lead to a finding of abandonment of the restrictive reciprocal easements. Better the seed were never planted." *Oosterhouse v Brummel,* 343 Mich 283, 289; 72 NW2d 6 (1955).

In my view, the issue is not whether the "Winnebago" is a trailer within strict statutory or dictionary definition, but whether defendant's activity was of the type intended to be prohibited by the restrictive covenant. Believing that the intent of the restriction is sufficiently clear, I would not plant the first seed and would therefore affirm the trial court.