ROY NOBLE LEE, Justice,
for the Court:
Earl H. Roth, Jr., et al., filed a bill of complaint in the Chancery Court of Hancock County, Honorable John S. Morris, presiding, seeking a mandatory injunction against Dennis Stepanek, et al., requiring them to remove mobile homes or trailers placed on lots in Bayou Phillips Estates Subdivision No. 2. After a trial on the merits, the chancellor directed issuance of the injunction and ordered the defendants to remove the trailers within ninety (90) days, and they have appealed here.
The plat for the Bayou Phillips Estates No. 2 was filed and recorded in the Record of Plats, Chancery Clerk’s Office, Hancock County, Mississippi, on July 13, 1956. The subdivision, consisting of several hundred lots, was originally platted, filed and dedicated by Bayou Phillips Estates, Inc. Thereafter, lots were sold to the public. The plat contained certain restrictive covenants, among which was the following:
(2) Property in this subdivision shall be used only for residential purposes, with the exception of necessary outbuildings used in connection therewith and for public utility facilities on lots reserved for same. All buildings erected thereon shall be of substantial construction (no trailers, tents, hutments, hotels, apartment houses or temporary dwellings) and conform to the high class of development of said subdivision. No dwelling houses shall be erected thereon that shall cost less than Four Thousand Dollars ($4,000.00).
The appellants contend that appellees waived enforcement of the restrictive covenant and are estopped by the doctrine of laches. We agree and reverse the judgment of the lower court.
The appellants acquired lots in the Bayou Phillips Estates Subdivision No. 2 and placed home trailers on them. They improved the properties, some by elevating the trailers several feet above ground, as required by ordinance and the Planning Commission of Hancock County. All the appellants improved their property by work upon the grounds and by connecting with utilities. They had owned and placed trailers on the lots for periods from three (3) years to ten (10) years, with the knowledge of appellees.
In 20 Am.Jur.2d Covenants § 315, at 880-81 (1965), the effect of laches is discussed generally as follows:
The party seeking equitable relief for violation of a restrictive covenant must not be guilty of laches. What acts, or failure to act, upon the part of the complainant will amount to such laches as will bar the right to relief must depend largely upon the facts of the particular case, .... Generally, however, mere delay or lapse of time in bringing suit does not in itself constitute laches. For instance, it has been held that laches was not established where the period between the violation of the restriction and the action to enforce it was as great as 12 years; whereas a lapse of 5 weeks, in connection with other circumstances, has been declared sufficient to bar a plaintiff from injunctive relief.
This Court was confronted with the question of enforcing a restrictive covenant in Twin States Realty Company v. Kilpatrick, 199 Miss. 545, 26 So.2d 356 (1946). Kilpatrick owned three (3) lots and a residence in Beach Hurst, an addition to the City of Pass Christian, Mississippi. There was a restriction on the property providing that it could be used solely for residential purposes and for no commercial purposes of any character. Kilpatrick opened a salesroom in the residence for antiques and gifts, in addition to operating a tea shop. Suit was filed against her, which sought an injunction prohibiting operation of the commercial enterprise. Six (6) years had elapsed from the time she purchased the property until the *76 suit was begun. No other property owners in the addition objected, but Twin States Realty Company began to complain a few months after Kilpatrick acquired the property. In affirming the decree dismissing the bill of complaint, this Court said:
Upon a full hearing the chancellor dismissed the bill, making his written opinion a part of the decree. He based his action upon several different grounds, as we understand it, but we think the decree is so well sustained on the ground of estoppel by laches or acquiescence that none other need be mentioned. It is well settled that “a condition or limitation in a deed restricting or limiting to particular uses the property conveyed may be waived or abandoned by the subsequent conduct of the grantor so that a court of equity will not interfere to prevent its violations,” from which it follows that a complainant seeking equitable relief against the violation of such a restriction must act with reasonable promptitude upon the discovery of the ground for complaint, as otherwise his laches may bar his right to relief.
No better statement of the rule or summary as applicable to restrictive covenants has been made than that by Rugg, J., in Stewart v. Finklestone, 206 Mass. 28, 92 N.E. 37, 39, 28 L.R.A. (N.S.), 634, 646, 138 Am.St.Rep. 370, from which we quote:
“There is no hard and fast rule as to what constitutes laches. If there has been unreasonable delay in asserting claims or if, knowing his rights, a party does not seasonably avail himself of means at hand for their enforcement, but suffers his adversary to incur expense or enter into obligations or otherwise change his position, or in any way by inaction lulls suspicion of his demands to the harm of the other, or if there has been actual or passive acquiescence in the performance of the act complained of, then equity will ordinarily refuse her aid for the establishment of an admitted right, especially if an injunction is asked. It would be contrary to equity and good conscience to enforce such rights when a defendant has been led to suppose by the word [or silence, or conduct] of the plaintiff that there was no objection to his operations. Diligence is an essential prerequisite to equitable relief of this nature. Quiescence will be a bar when good faith requires vigilance. . .. ”
Looking to the stated rules and to the facts as sustained by the evidence, we think it was too late, after waiting more than six years and until appellee had invested her money in the purchase of the property, for appellant to complain, so far as any relief in equity is concerned. Considerably less time than this has been deemed sufficient as a bar in several cases in point, some of which may be found in the reporter’s abstracts of the briefs, and to these we add Bigham v. Winnick, 288 Mich. 620, 286 N.W. 102, and see 2 High on Injunctions, 4th Ed., Sec. 1159. [199 Miss, at 553-554; 26 So.2d at 357-358].
We are of the opinion that the principle stated in Twin States Realty Company applies to the facts of the case sub judice and that the appellees here are estopped from enforcing the restrictive covenant against appellants. We hasten to add and emphasize that this case is decided upon the peculiar facts here and is not a bar and does not apply to other property owners who may be differently situated and affected.
The judgment of the lower court is reversed and judgment is entered here in favor of appellants. In view of this decision, the other questions are not addressed.
REVERSED AND RENDERED.
PATTERSON, C. J., SUGG and WALKER, P. J., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.