BASTENDORF v. ARNDT.

1. SCHOOLS AND SCHOOL DISTRICTS—DEFINITION OF SCHOOL.
    The word ''school'' is a generic one and, where not affected by its context, means little more than an institution with educational purposes or activities.

2. COVENANTS—BUILDING RESTRICTIONS—SCHOOLS AND CHURCHES OR OTHER PUBLIC BUILDINGS.
    Building restriction, providing that ''schools and churches or other public buildings'' might be built on certain lots fronting on a street otherwise confined to residential uses, permitted the erection of a school of dance and drama operated by defendant for profit.

3. Same—Ambiguities.
   Where restrictions in covenants to a deed are ambiguous, uncertainties are resolved in favor of the free use of property.

4. Same—Construction—Intent.
   Restrictions, like other legal language, should be interpreted to preserve, if possible, the intention of the restrictor as ascertained from the entire instrument.

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted June 30, 1939. (Docket No. 128, Calendar No. 40,671.) Decided September 6, 1939.

Bill by Josie Bastendorf against Elaine Marie Arndt to enjoin the alleged violation of lot restrictions. Bill dismissed. John H. Morgan and others intervened as parties plaintiff and case reopened under order of court. Decree for defendant. Intervening plaintiffs appeal. Affirmed.

*Lindley, Delaney & Worsham,* for intervening plaintiffs.

*Murphy, Rubin & Collins,* for defendant.

Butzel, C. J. The question herein presented is whether the erection by defendant of a building in Windmill Pointe Subdivision, Detroit, to be used for a school of dance and drama, is a violation of a restriction, the pertinent part of which is as follows:

"On all lots fronting on Alter road * * * no building shall be erected on any lots, except a single house, a double house, or a duplex flat. * * * Schools and churches or other public buildings may be constructed on lots numbered 133 to 174, both inclusive, in which case the restrictions in this paragraph do not apply."

The stipulated facts indicate that since 1931 defendant has been giving instruction in dancing and

dramatic art in the basement of her present home a short distance from the property here involved; that her ability as a teacher is of unquestioned high character; that a growing number of pupils has made her present facilities inadequate; that she proposes to erect a building on lots numbered 159 and 160, facing Alter road; that the building, which will be more or less residential in appearance, will be used only incidentally for residence purposes and primarily for the operation of the school. Defendant's present activities are not claimed to be objectionable nor is it contended that the use of the proposed building for school purposes would be "objectionable in and of itself." The position of plaintiffs, who are neighboring lot owners, is that the operation of a private school for profit is not comprehended within the exception, "schools and churches or other public buildings," and would, consequently, be a plain violation of the restriction. The circuit judge refused to enjoin construction of the building. A decree was entered permitting defendant to proceed with her plans and authorizing her and her successors in interest "to operate such a school as the defendant has outlined in her pleadings and testimony—a school comparable, in subjects taught, to those taught in a public school, included within the general 'fine arts' curriculum—one carried on in a manner not more objectionable than a public school would be—one which, although privately conducted, is still not a 'trade school.' "

On appeal plaintiffs make no specific objection to the quoted portion of the decree but contend that the threatened course of action of defendant should be entirely prohibited.

There is no serious question that defendant is conducting a "school." The word is a generic one and, where not affected by its context, means little more than an institution with educational purposes

or activities. Although defendant is teaching for profit, she is engaged in the promotion of a particular branch of knowledge. Cf. *Detroit Home & Day School* v. *City of Detroit*, 76 Mich. 521 (6 L. R. A. 97). It is not contended that because the student body is small or because the course of study is devoted more to the arts than to the sciences that the establishment does not fulfill the requirements of an educational institution. Plaintiffs contend, rather, that in the phrase, "schools and churches or other public buildings," "schools" must be read as modified by "public," thus excluding from the exception to the restriction institutions which are concededly private in nature. It is sufficient to say that this construction of the language is not inescapable. There is room for doubt. See the collected cases in 95 A. L. R. p. 62, where the somewhat analogous problem of tax exemption of "schools" and "educational institutions" is discussed. It is not unreasonable to interpret "other public buildings" as constituting a distinct and third class of enumerated structures rather than as a descriptive limitation on "schools and churches." Where restrictions are ambiguous, it is axiomatic that uncertainties are resolved in favor of the free use of property. *Kelly* v. *Carpenter*, 245 Mich. 406; *Phillips* v. *Lawler*, 259 Mich. 567.

In so holding, we do not lose sight of the recognized principle that restrictions, like other legal language, should be interpreted to preserve, if possible, the intention of the restrictor as ascertained from the entire instrument. Examination of the restrictions and the nature of the subdivision itself does not indicate with any reasonable certainty, however, that prohibition of a school such as defendant proposes to conduct was ever contemplated. It is claimed that the plattors did not intend invasion of the property

by barber colleges, trade schools, or the like, but the decree adequately protects the property from such a contingency. If the plattors intended to distinguish between public and private schools or instruction conducted with and without direct profit to the instructor, that intention should have been manifest in terms admitting no contrary inferences.

The trial judge applied the correct rule and his judgment is affirmed, with costs to defendant.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.