339 Mich. 96 (1954)
62 N.W.2d 445
SCHOOL DISTRICT NO. 3, TOWNSHIP OF NORTON,
v.
MUNICIPAL FINANCE COMMISSION.
Docket No. 68, Calendar No. 46,004.
Supreme Court of Michigan.
Decided February 18, 1954.
Balgooyen, Parmenter & Forsythe, for plaintiff.
Frank G. Millard, Attorney General, Edmund E. Shepherd, Solicitor General, G. Douglas Clapperton, Assistant Attorney General, for defendant.
REID, J.
On leave granted, plaintiff appeals from order of defendant refusing plaintiff permission to issue bonds,
"by reason of the fact that the ballot on the bond proposition used at the election contained at least 2 separate and independent propositions, viz.: (1) for the purchasing of a school bus and (2) for the purchasing of an additional school site and erecting and furnishing an addition to the school building in said district."
Plaintiff makes the following statement of facts:
"The plaintiff is a graded school district located a few miles south of the city of Muskegon. The district covers an area of about 3 miles north and *98 south and 2 1/2 miles east and west. It is a typical suburban residential area. The only school in the district is located near the northerly edge of the district. In 1949 the district added 8 classrooms to its then 4-room school and issued $176,000 worth of bonds. At this time, it also purchased a new school bus to transport children from the southerly end of the district to the building. In the past 4 years, the district's population has grown so rapidly that the school facilities (both classroom and transportation) are now taxed beyond capacity. A large number of new homes have been constructed in the southerly end of the district. The district's problem of paying for additional school facilities is complicated by the fact that a portion of the 1949 bond issue is still outstanding. Early in 1953 a meeting of the electorate was called to discuss the problem and at that meeting a citizen's committee was appointed to work with the board in an effort to find a method of financing sorely needed expansion. Numerous proposals were considered. Some felt that a new school should be added in the southerly end of the district to take care of the population there. Others felt that the district could not afford to build a new school with the present school still unpaid for. It was eventually agreed that the problem could best be met by adding 4 rooms to the existing school building, purchasing an additional school bus to transport the children from the southerly end of the district to the school and acquiring land for an additional site.
"The necessary preparatory steps were taken and on June 3, 1953, a bond issue election was held. The ballots used on the bonding question were in the following form:
"`Shall School District No. 3, township of Norton, county of Muskegon and State of Michigan, borrow the sum not to exceed $94,000 and issue its bonds therefor, for the purpose of purchasing a new school bus, purchasing an additional school site, and *99 erecting and furnishing an addition to the school building in said district?'
"The bond proposal carried by a 171 vote to a 110 vote.
"Thereafter, the school district filed its application with the Municipal Finance Commission for permission to sell its bonds. On August 18, 1953, said commission (after a hearing on August 11, 1953) entered its final order denying the school district permission to sell the bonds."
Defendant's counter-statement of facts is as follows:
"The following insufficiencies and inaccuracies exist in appellant's statement of facts, viz.:
"1. The school in the district is located near the center of the district rather than near `northerly edge' thereof.
"2. There are presently outstanding $115,000 building bonds dated June 1, 1949.
"3. The school district now has 3 buses.
"4. The record does not show that some school district electors felt that a new school building should be built in the southerly end of the district and that others felt that the district could not afford it with the present school not yet paid for.
"5. The record does not show that it was agreed that the problem could be met in part by purchasing an additional bus to transport children from the southerly end of the district.
"6. At the electors' adjourned meeting on March 9, 1953, a motion as amended was adopted providing that the district transport all pupils whose homes are more than 1/2 mile from the school if another bus is purchased and if not, that transportation be left to the discretion of the board.
"7. After the said meeting the citizens' committee and the school board decided that a 4-room addition should be built on the present school site, $5,000 should be included in the contemplated bond issue *100 for an additional site, and further, to borrow $6,000 to buy the school bus."
Important for consideration is CL 1948, § 362.1, as amended by PA 1953, No 98 (Stat Ann 1953 Cum Supp § 15.520), which is as follows:
"Any school district may, by a majority vote of the qualified voters of said district, present at an annual meeting or a special meeting called for that purpose, borrow money and issue bonds of the district therefor, to pay for a schoolhouse site or sites, or to pay for an addition or additions of territory to a schoolhouse site or sites, or to erect and furnish school buildings, or to complete school buildings under the course of construction, or to pay for an addition or additions to a schoolhouse or schoolhouses or for the remodeling of school buildings or for a heating plant or for the purchase of a school bus or buses, or, in part, for refunding existing bonded indebtedness and in part for any of the aforesaid purposes. The district board, or board of education, shall estimate the amount of money necessary to be borrowed and shall state their estimate in the notices of the annual or special meeting, at which the question of borrowing money and issuing bonds shall be submitted to the people. No school district issuing bonds under this chapter shall issue bonds for an amount greater than 15 per cent of the total assessed valuation of said district, nor shall the bonded indebtedness of a district extend beyond a period of 30 years for money borrowed."
This section does not indicate nor direct as to whether the borrowing shall or shall not be balloted on together on one ballot in any school district.
The word school means little more than an institution with educational purposes and activities. Bastendorf v. Arndt, 290 Mich 423 (124 ALR 445). Education, principally and primarily of the children of the district, is the one general objective of the plaintiff.
*101 PA 1935, No 121[*] provided that the district board of education may, if the proposition is approved by a majority of the electors at an annual or special meeting, provide transportation of pupils from and to their homes. Defendant does not question the adoption by plaintiff district of the proposition of transportation of pupils.
The only question in the case is whether the ballot, above quoted in plaintiff's statement of facts, contains separate and independent propositions.
For a discussion and citations somewhat related to the general question herein involved, see 43 Am Jur, pp 344-346.
See, also, 4ALR2d 619.
"There is a tendency in the decisions to permit the inclusion of several structures or units in one proposition if the various objects serve identical purposes in differing territories, such as 2 school-houses or 2 highways, or if one of the objects is subordinated and incidental to the purpose of the main object, as is the case with the erection of a building and the purchase of the necessary equipment therefor." 4 ALR2d 622.
In 1920 (before the advent of school buses) this Court considered the case of Public Schools v. Vander Laan, 211 Mich 85, in which case question was made over the action of a school district operating under a local act of the legislature, in which the district voted favorably on the question of authorizing the board of education to erect for more than $15,000 each, 3 school buildings: (1) was to be in the part of the district known as Deer Park; (2) was to be a new grade school building in the part of the district known as the Fairview district; (3) was to be an addition to the Bunker school building on block *102 645. After consideration of several cases, we say at pp 87, 88:
"Separate subjects, separate purposes, or independent propositions should not be combined so that one may gather votes for the other. * * * In the case at bar we think that the proposition submitted to the electors did not constitute 3 independent questions or embrace 3 separate purposes. It was characterized by 1 common purpose, to provide the district necessary school buildings. It was more than a mere proposal to construct 3 school houses. It involved a comprehensive plan on the part of the board for the educational needs of the city and the board had the right to have the matter in the entirety passed upon by the electors."
It is fairly to be inferred and concluded that the Public Schools Case is authority for the conclusion that in the instant case, "purchasing an additional school site, and erecting and furnishing an addition to the school building in said district," is a statement of matters that are to be considered to pertain together to a general plan to provide adequate school facilities and may be included on 1 ballot.
Defendant's main argument is directed against inclusion of "purchasing a new school bus."
It is to be noted that the board of education in submitting the ballot, uses the words "for the purpose of" as though the 3 matters of new bus, additional site and addition to the school building, are considered by the board as part of one purpose; the language used with the word "purpose" in the singular, so implies. We conclude that the board of education intended and considered the submitted bonding proposition as a comprehensive plan to provide for the increased educational needs of the district.
There is now 1 school building and 3 buses are in operation.
*103 There has been a very great change in the attitude of the public toward use of school buses in the last 20 years, reflected by the present very extensive use of school buses. There is also a change of the legislation of the State relative to the purchase and operation of school buses, including enactment of the statute, CL 1948, § 362.1, as amended (Stat Ann 1953 Cum Supp § 15.520), which expressly permits bonding for the purchase of a bus. With the great change of attitude on the part of the public, the purchase of a bus is a matter no longer necessary to be considered separate and apart from the purchase of school sites and erection of school buildings.
The purchase of an additional or new school bus is not out of line with the purchase of a new school site and making addition to the present school building. Providing additional school building facilities probably would be useless without full attendance of children. The new school bus should be considered as a necessary incident to increased school facilities. The good faith and propriety of the board's proposition are fairly indicated. The necessity was for the voters to finally decide. The ballot should be considered to embody a comprehensive plan to provide for the increased educational needs of the district. The proposition as submitted was appropriate for submission. The vote was a valid approval of the bond issue.
The order appealed from is reversed and set aside, and the matter remanded to defendant commission with instruction to grant the permission sought by plaintiff. No costs, a matter of public interest and importance being involved.
BUTZEL, C.J., and CARR, BUSHNELL, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.
NOTES
[*] This act added section 9a to PA 1927, No 319, pt 2, ch 2 and was amended by PA 1943, No 175 (CL 1948, § 352.9a [Stat Ann 1953 Rev § 15.381]).  REPORTER.