TABACZKA *v.* LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—SALE AT RETAIL—LOCATION WITH RE-
SPECT TO CHURCH OR SCHOOL.

Location of plaintiff's place of business at which alcoholic bev-
erages were to be sold at retail was not within 500-foot
proscription of liquor law relating to churches and school
buildings, where it was a greater distance from plaintiff's
place to school buildings, as measured according to the statute,
and rectory, although within 500 feet from plaintiff's place,
was not actually used as a church or as a school building
(CLS 1954, § 436.17a).

2. WORDS AND PHRASES—RECTORY.

A rectory is a rector's residence or parsonage.

3. INTOXICATING LIQUORS—LOCATION OF RETAILER WITH RESPECT TO
CHURCH OR SCHOOL.

The location of a proposed liquor licensee's building for sale of
alcoholic beverages at retail and the building of a church
or school need not be on the same street, as the statute
proscribing location within 500 feet of a church or school
refers to measurement of such distance "along the center
line of the street or streets" (CLS 1954, § 436.17a).

4. SAME—LOCATION OF RETAILER WITH RESPECT TO CHURCH OR SCHOOL
—RECTORY.

The liquor control commission was in error in denying a license
to sell alcoholic beverages at retail by plaintiff because of
proximity to rectory, where his place of business was more
than 500 feet from church and school buildings, when distance
was measured in accordance with statutory formula, although
less than such distance from the rectory, notwithstanding the
issuance of a license by the commission is within its discretion
(CLS 1954, §§ 436.17, 436.17a).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4]  30 Am Jur, Intoxicating Liquors § 343 *et seq.*
[2]  See, generally, 45 Am Jur, Religious Societies § 30.
[5]  34 Am Jur, Mandamus § 186.
[6]  See, generally, 14 Am Jur, Costs § 37.

5. MANDAMUS—ISSUANCE OF LICENSE TO SELL INTOXICATING LIQUORS
AT RETAIL—LOCATION WITH RESPECT TO CHURCH OR SCHOOL.

  A writ of mandamus is ordered to issue to compel the liquor
  control commission to issue a license to plaintiff for the sale
  of alcoholic beverages at a location which was more than 500
  feet from a church or school building but less than such
  distance from rectory (CLS 1954, §§ 436.17, 436.17a).

6. COSTS—PUBLIC QUESTION—LIQUOR RETAILER—DISTANCE FROM
CHURCH, SCHOOL, RECTORY.

  No costs are allowed in mandamus proceeding to compel the
  liquor control commission to issue a license to plaintiff for
  sale of alcoholic beverages at retail at a location more than
  500 feet from church or school but less than such distance
  from a rectory, a public question being involved (CLS 1954,
  §§ 436.17, 436.17a).

Petition for mandamus by Chester A. Tabaczka, doing business as Tobey's Market, against Liquor Control Commission and its members to compel issuance of specially designated merchant's liquor license which had been refused because of claimed proximity to church and school. Submitted April 12, 1955. (Calendar No. 46,417.) Writ granted June 6, 1955.

*George Karbal,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Franklin J. Rauner,* Assistants Attorney General, for defendants.

BOYLES, J. On plaintiff's petition we entered an order directing the defendant liquor control commission to show cause why mandamus should not be granted to compel it to allow plaintiff a new SDM license to sell alcoholic beverages at retail at 5546 Chopin street in Detroit, known as Tobey's Market. Return has been filed and the case submitted.

The question involved is whether plaintiff's To-

bey's Market is within 500 feet of a church or a school building within the proscribed area under CLS 1954, § 436.17a (Stat Ann 1953 Cum Supp § 18.988[1]), which provides:

"Any new application for a license to sell alcoholic beverages at retail, * * * shall be denied in the event the contemplated location is within 500 feet of a church or a school building. Such distance between the church or school building and the contemplated location shall be measured along the center line of the street or streets between 2 fixed points on said center line determined by projecting straight lines, at right angles to the said center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building."

The defendant commission denied plaintiff's application for the license because of the above inhibition. The factual situation as to location of the buildings involved and their distance from each other is shown on the following drawing.

Inasmuch as it is quite obvious from the record before us that Tobey's Market is not within 500 feet of the St. Andrews school and church "building" at 5690 Cecil street, it appears that the defendant commission considered that the rectory shown at 7060 McGraw, which is on a part of the St. Andrews property, is "a church or a school building" within the purview of the statutory inhibition. The rectory would be within 500 feet of Tobey's Market, using the statutory yardstick for measuring the distance. The position of the defendant commission in this connection is indicated by its counsel in stating, in their brief, as a counterstatement of the question involved:

"May the defendant board conclude inasmuch as licenses are issued in its discretion under section 17 of the so-called liquor law, that the rectory of Saint Andrew's Church is a church building and within 500 feet of the property of appellant under the provisions of section 17a of the so-called liquor law?"

There is a complete absence of any showing in the record that the rectory was actually used as a church or as a school building.

A rectory is defined in Webster's New International Dictionary (2d ed Unabridged), p 2083, as "a rector's residence; a parsonage."

Section 2c of the liquor control act (CLS 1954, § 436.2c [Stat Ann 1953 Cum Supp § 18.972(3)]) defines the word "church" as used in the act as follows:

" 'Church' shall mean an entire house or structure set apart primarily for use for purposes of public worship, in which religious services are held and with which a clergyman is associated, and the entire house or structure is kept for that use and not put to any other use substantially inconsistent therewith."

We have carefully examined the record before us to ascertain whether it shows that the so-called rectory, under the proofs adduced, can be said to be "a church building" within the definition of the statute; and particularly within the definition of a church building which this Court has recognized in *Gamble* v. *Liquor Control Commission,* 323 Mich 576; also, to ascertain whether the rectory is a *school* building, within the meaning of said statute, in the light of our decisions, including our more recent decision (March 9, 1955) in *Boys' Clubs of Detroit* v. *Pakula,* 342 Mich 150, wherein we have considered that question. We find nothing in the record to show that the rectory was used as a church, or as a school building. On the oral argument, counsel for the defendants referred to the "kindergarten school" as being within 500 feet of Tobey's Market. On plaintiff's exhibit A, in the record, the "Aux. school bldg." is shown more distant from Tobey's Market than the "St. Andrews school and church" at 5690 Cecil; and

this is likewise true on defendants' exhibit A, in which this same building is labeled "kindergarten." Both exhibits place this building as being more than 500 feet from Tobey's Market, and neither the exhibits nor the record otherwise indicates that the *rectory* was used as a kindergarten school.

We find nothing in the *Gamble Case, supra,* or in *Elliott* v. *Liquor Control Commission,* 339 Mich 78, to support the defendants' argument that the location of a proposed licensee's building and that of the church or school building must both be on the same street, and that the measurement must be by a straight course along the center line of that street. The statute refers to measurement along the center line of the street *or streets.* Furthermore, if the defendants' claim were correct, an SDM license might be allowed for a building around the corner within 500 feet from a church or school building, on an intersecting street, where it might be inside the 500-foot inhibition of the statute if the statutory measurement was correctly applied.

In defining a rectory or parsonage, considering a statute which declared any parsonage owned by any religious society and occupied as such was exempt from taxation, this Court said:

"A parsonage may be defined as a house in which a minister of the gospel resides. In its ecclesiastical sense the word was 'glebe (or land) and house' belonging to a parish appropriated to the maintenance of the incumbent, or settled pastor of a church; but its modern general signification is in the sense of its being the residence of a parson, and it may be with land or without it. 29 Cyc, p 1693; *Wells Estate* v. *Congregational Church at Underhill Flats,* 63 Vt 116 (21 A 270)." *St. Joseph's Church* v. *City of Detroit,* 189 Mich 408, 413.

We have also recently considered what constitutes a *school* building, in *School District No. 3, Township*

*of Norton,* v. *Municipal Finance Commission,* 339 Mich 96. It is not necessary to repeat here what has been said in these recent opinions. The record before us completely fails to establish that plaintiff's proposed location for an SDM license to sell intoxicating liquor at retail is within 500 feet of a church or a school building. The commission erred in denying the license.

The writ of mandamus will issue. No costs, a public question being involved.

Carr, C. J., and Butzel, Smith, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.