BARWINSKI *v.* LIQUOR CONTROL COMMISSION.

INTOXICATING LIQUORS—SCHOOLS—MUSIC STORE.

A 20' x 80' music store, containing 4 windowless teaching rooms varying from 6' x 8' to 6' x 12' wherein not more than 4 students may be given individual lessons at any one time by 10 part-time, noncertified teachers who split their fees with the owners, with as many as 113 students, which is not accredited by any institution of higher learning nor recognized as accredited, which files no reports and claims no exemption from taxation as an educational institution *held,* not a *school,* as the term is used in liquor control act prohibiting location of class "C" liquor licensees within 500 feet of a school building, the place being a private business which was not an institution with educational purposes (CL 1948, § 436.17a).

Appeal from Wayne; Baum (Victor J.), J.   Submitted October 5, 1961.   (Docket No. 23, Calendar No. 49,218.)   Decided December 1, 1961.

Bill by Adam Barwinski and Jane Barwinski against Michigan Liquor Control Commission, a State administrative body, Leo Prosinski and Oliver Travis to restrain the commission from issuing a class "C" liquor license to individual defendants and to enjoin the latter from operating a bar in proximity to a school building.   Decree for plaintiff enjoining

REFERENCES FOR POINTS IN HEADNOTES

30 Am Jur, Intoxicating Liquors § 268.
"School," "schoolhouse," or the like within statute prohibiting liquor sales within specified distance thereof.   49 ALR2d 1103.

operation of bar. Individual defendants appeal. Reversed and bill ordered dismissed.

*Philip Weiss* and *Jesse R. Bacalis,* for plaintiffs.

*Sobieraj & Michael (Jacob L. Sobieraj* and *Frank Selwa,* of counsel), for individual defendants.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *James J. Rossie,* Assistant Attorney General, for defendant commission, asking reversal.

DETHMERS, C. J. The question in this case is whether the building in which Lillie's Academy of Music is located is a school building within the meaning of CL 1948, § 436.17a (Stat Ann 1957 Rev § 18. 988[1]), which requires that any application for a license to sell liquor at retail or to transfer the location of any existing license be denied in the event the contemplated location for such liquor sales is within 500 feet of a "school building".

The building looks like a retail store, like most any other store in the neighborhood which furnishes goods and services. It has 20 feet of frontage on the street and is 80 feet deep. The front 30 feet in depth is devoted to retail sales and rentals of musical instruments. The rear 10 feet is used for storage purposes. The middle 40 feet contains a waiting room, narrow hallway and 4 so-called teaching rooms or, as the trial court termed them, cubicles without windows. Two of these are 6 by 8 feet in size, one 6 by 10 and one 6 by 12. One contains a piano and all contain music stands. Lillie Rudnitsky's office is also in the larger one. Music lessons on various instruments are given in these rooms. No more than 4 can receive instruction there at one time.

The trial court found that the academy is a commercial establishment, operated for profit by Lillie and her husband, who own the building; that there have been as many as 10 part-time teachers and 113 students; that the teachers split fees with the Rudnitskys; that the academy is not registered with any governmental agency as a school, is not accredited by any institution of learning nor recognized as accredited; that it files no reports; that it claims no exemption from taxation as an educational institution; that the teachers do not hold teacher's certificates.

Plaintiffs' chief reliance, in support of their claim that the building in which the so-called academy is located is a school building within the meaning of the mentioned statute, is placed on *Boys' Clubs of Detroit* v. *Pakula,* 342 Mich 150 (49 ALR2d 1097).

The statute provides no definition of the term "school building". Exact definition and classification with a precision that may be controlling and infallible for every sort of factual situation that may arise is well-nigh impossible. Language apt enough under one factual situation may prove misleading in another. In the *Boys' Clubs Case* this Court, referring (p 156) to language in previous cases, spoke of a school as "an institution with educational purposes and activities." It was not unnatural in that case to view the Boys' Clubs of Detroit, "organized * * * as a nonprofit corporation for the purpose of promoting the physical, mental and moral well-being of the boys of Detroit by providing such means of education and amusement as the directors deemed advisable" and operating 3 buildings in Detroit for an enrollment of over 4,000 boys in which classes were conducted in various branches of learning, as "an institution with educational purposes and activities" and, hence, a school, and its 3 buildings as school buildings.

Would the home of one proficient as a pianist become a school building if and when he began to give lessons there in that art to individual pupils for pay? Would his giving such lessons in a rented room in some city office building make the latter a school building? Certainly neither would be considered a school building in the ordinary sense of the term. Would it if 2 or 3 or even 4 musicians did so in the same home or office building? Where is the line to be drawn?

In Lillie's Academy, although individual lessons were given, there was no conducting of classes as in the *Boys' Clubs Case* or as occurs in schools generally. It was a private business which was not "an institution with educational purposes", to borrow from the language of the *Boys' Clubs Case* and the cases of *Bastendorf* v. *Arndt*, 290 Mich 423 (124 ALR 445), and *Norton School District* v. *Municipal Finance Commission*, 339 Mich 96. In the latter there was no question as to the institution involved being a school. In *Bastendorf* no serious question was raised as to whether defendant was conducting a school, but only as to whether certain building restriction exceptions applied only to public, as distinguished from private, schools.

Decree enjoining the individual defendants from operating a class "C" liquor license establishment within 500 feet of Lillie's Academy of Music therein decreed to be a school, is reversed. Decree may enter here dismissing plaintiffs' bill of complaint, with costs to defendants.

CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.