SUROWITZ *v.* CITY OF PONTIAC.

1. WORDS AND PHRASES—ENLARGEMENT.

The word *enlargement* means increase in bulk or extent, augmentation, expansion, extension, or something added.

2. INTOXICATING LIQUORS—CONSTRUCTION OF STATUTES—SCHOOLS.

Use of the term *include* in definition of *school* in liquor law that the term should *"include* all buildings used for school purposes to impart instruction to children, grades kindergarten through twelve, * * * and shall *include* all buildings used to impart instruction provided by colleges and universities when being operated under the laws of this State except such buildings used primarily for adult education or college extension courses" is construed as a word of limitation rather than enlargement, there being no genus or principal class to which some other or subclass is being added by way of enlargement (CL 1948, § 436.2y, as added by PA 1962, No 3).

3. WORDS AND PHRASES—INCLUDE—INTENT.

The word *include* is used both as a term of enlargement and of limitation, and of and by itself cannot determine intent to the exclusion of all other words to which it refers.

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 5, 6] 30 Am Jur, Intoxicating Liquors § 268 *et seq.*
[4] 30 Am Jur, Intoxicating Liquors § 266 *et seq.*
[7] 50 Am Jur, Statutes §§ 468, 469.

4. INTOXICATING LIQUORS—CONSTRUCTION OF STATUTES—INTENT.

The legislature's command that there be a liberal construction of the liquor control act calls for an interpretation that will carry out the intent and purpose of the legislature and not a technical construction which would defeat the intent and purpose of the amendment (CL 1948, § 436.54).

5. SAME—COSMETOLOGY SCHOOL—LOCATION OF LIQUOR ESTABLISHMENT.

Legislative recognition of necessity for licensing or regulating the teaching endeavor involved in the act regulating the occupation of cosmetology does not necessarily bring that teaching endeavor within the protection of the proscription of the liquor control act whereby licensees thereunder may not have their establishments within 500 feet of churches and schools (CLS 1961, § 436.17a).

6. SAME — CONSTRUCTION OF STATUTES — AMENDMENT — INTENT — SCHOOLS—LOCATION OF LIQUOR ESTABLISHMENT.

Amendment of liquor control act whereby a proprietary trade or occupational school, such as a barber school, beauty school, music school, or electronics school was excluded from definition of the term *school*, a place within 500 feet of which a liquor licensee may not transfer his establishment, merely emphasized legislature's previous intent in such respect (CL 1948, § 436.2y, as added by PA 1962, No 3, and amended by PA 1965, No 116).

7. INJUNCTION—MOOT QUESTION—SUBSEQUENT AMENDMENT OF STATUTES AND COURT ORDERS.

Amendment of statute and orders of Supreme Court and circuit court consonant therewith, all of which were subsequent to taking of appeal in suit to enjoin location of liquor licensee's establishment within 500 feet of plaintiff's school of cosmetology *held*, not to have rendered moot the question of whether the amendatory statute in effect at time suit was instituted constituted an enlargement of the prohibition justifying the granting of injunctive relief (CL 1948, § 436.2y, as added by PA 1962, No 3, and amended by PA 1964, No 116).

BLACK and ADAMS, JJ., dissenting.

Appeal from Oakland; Moore (Arthur E.), J. Submitted October 8, 1964. (Calendar No. 22, Docket No. 50,637.) Decided February 2, 1965.

Complaint by George E. Surowitz and others against the City of Pontiac, a municipal corporation,

and Charles Spadafore for injunction restraining grant of liquor license in changed location. Judgment for plaintiffs. Defendants appeal. Reversed.

*C. Bryan Kinney* and *Jerome E. Mulligan,* for plaintiffs.

*William A. Ewart,* for defendant City of Pontiac.

*Dudley & Patterson (Harcourt S. Patterson,* of counsel), for defendant Spadafore.

ADAMS, J. *(dissenting).* Defendant Spadafore had had a class "C" liquor license in Pontiac from 1945 to 1963. His place of business was taken in condemnation proceedings and he had to find a new location. He leased property in a downtown building and secured the approval of the city commission for a transfer. His previous operation, according to the acting chief of police for the city, had been a good one. Plaintiffs, whose businesses are located in the same downtown area, brought this action for an injunction on the ground that approval by the city commission was contrary to State law.

Plaintiffs contended that transfer was violative of PA 1933 (Ex Sess), No 8, § 17a, as added by PA 1945, No 133, and as amended by PA 1949, No 106 (CLS 1961, § 436.17a [Stat Ann 1957 Rev § 18.988 (1)]), which reads in part as follows:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building."

Plaintiffs claimed and defendants admitted that the proposed location would be within 500 feet of

the Murray Beauty Academy. Defendants also admitted that, if the academy is a school within the prohibition of the act, the location would be prohibited.

The Murray Beauty Academy, in operation for approximately three years, trains students in cosmetology in accordance with PA 1931, No 176, as amended (CL 1948 and CLS 1961, § 338.751 *et seq.* [Stat Ann 1957 Rev and 1963 Cum Supp § 18.131 *et seq.*]). Mrs. Murray, the owner and operator of the school, has two licenses from the State of Michigan, one for basic training, the other for advance training. She has given two bonds to the State in the amount of $5,000 each and is under State supervision. At the time testimony was taken she had approximately 70 girls, whose ages averaged between 15 and 20 years. Tuition for a 9-months' course is $385 and students are required to take instruction Tuesday through Saturday. There are three instructors. The school has been operating at a loss. Eventually, it was hoped, it would reach its capacity of 420 students. The students are from all over Michigan.

On April 2, 1963, the trial judge held that the statute regulating the teaching of cosmetology was controlling because its title states as one of its purposes "to insure the better education of such practitioners"; because the act regulates the kind of premises that may be used for such a school; the curriculum is to be set up by the State board for schools of cosmetology; the act speaks of instructors and students; requires daily attendance and a licensed instructor who has had at least three years' practical experience; requires a school term of not less than 1,200 hours extending over nine months; and has other regulatory provisions.

The trial judge held, referring to the liquor control act:

"The purpose of the statute must have been to protect children from the exposure to close proximity of a hazardous liquor business."

A temporary injunction was granted.

The following day the court's attention was directed to PA 1962, No 3 (adding section 2y to CL 1948, § 436.1 *et seq.* [Stat Ann 1963 Cum Supp § 18.972(25)]), which had inserted this definition of "school" in the Michigan liquor control act:

" 'School' shall include all buildings used for school purposes to impart instruction to children, grades kindergarten through twelve, when provided by any public, private, denominational or parochial school, and shall include all buildings used to impart instruction provided by colleges and universities when being operated under the laws of this State except such buildings used primarily for adult education or college extension courses."

The trial judge held that the language of the amendment was not a restrictive definition of schools because it recites: " 'School' shall include" and the statute requires a liberal construction in accordance with section 54 of the Michigan liquor control act (CL 1948, § 436.54 [Stat Ann 1957 Rev § 18.1025]) which admonishes:

"This act shall be liberally construed to effect the intent and purposes herein set forth."

A final judgment, based on reasons previously noted, was entered November 29, 1963.

If the 1962 amendment is restrictive as to the definition of a "school" no further question need be decided. Sections 2–2y of the liquor control act contain numerous definitions. In over 25 of these the words "shall mean" are used, such as—" 'Beer' shall mean", " 'Wine' shall mean", " 'Spirits' shall mean", et cetera. Only in three definitions—alcoholic liquor,

sale, and school—are the words "shall include" used. The language of exception of buildings used for adult education or college extension courses at the end of the definition of school is also significant.

Since the legislature commands a liberal construction of the liquor control law and since the 500-foot provision was intended for the protection of churches and schools from close contact with the liquor business (*Morse* v. *Liquor Control Commission,* 319 Mich 52), we construe the use of the word "include" in section 2y to be a word of enlargement rather than limitation. *Wyoming Park Lumber & Fuel Co.* v. *Vander Ark,* 291 Mich 496; *Skillman* v. *Abruzzo,* 352 Mich 29.

There remains the question as to whether such an enterprise is a school within the meaning of the act. In *Barwinski* v. *Liquor Control Commission,* 365 Mich 17, where a 20 x 80 foot music store contained four windowless teaching rooms varying from 6 x 8 feet to 6 x 12 feet in which not more than four students could be given individual lessons at one time, it was held such an institution was not a school within the meaning of the liquor control law. Defendants contend, since Murray's Beauty Academy is conducted in a building which is also 20 x 80 feet, serving 70 students instead of 113 as in *Barwinski,* that said case is controlling. We do not believe it is. In *Barwinski,* only a small portion of the premises was devoted to teaching purposes; there was no supervised curriculum, no day-by-day instruction, no courses for the purpose of achieving a certain competency, either by way of basic or advance training, no fee for an entire course. These points of difference would make the activity in *Barwinski* not "an institution with educational purposes and activities." *School District No. 3, Township of Norton* v. *Municipal Finance Commission,* 339 Mich 96, 100.

In *Boys' Clubs of Detroit* v. *Pakula*, 342 Mich 150 (49 ALR2d 1097), where the institution was held to be a school, a large number of students between the ages of 7 and 21 years were instructed in a 2-story building containing classrooms, gymnasium, swimming pool, locker rooms, library, and other facilities. The educational activity was even thinner than in the present case because the classes at the Boys' Club were not offered in contemplation of achieving mastery of a particular vocation, but were recreational in their outlook. Such classes consisted of woodworking, motion picture projection, physical education, and so on.

Because the teaching of cosmetology is recognized and regulated by the State of Michigan by PA 1931, No 176, as amended, *supra*, because students who attend this school will achieve a technical competency which will enable them to make a livelihood, because the students are of tender years whose protection would appear to be contemplated by the statute, and because the amendment to the liquor control act does not contain an exception with regard to schools of cosmetology, it must be concluded that the trial judge did not err in granting the injunction. His action should be affirmed.

By way of addendum, it should be noted that following appeal of this case to this Court, PA 1964, No 116,* was adopted, given immediate effect, and signed into law on May 15, 1964. The act is not before this Court for consideration in this case.

---

* "Sec. 2y. 'School' shall include all buildings used for school purposes to impart instruction to children in grades kindergarten through 12, when provided by any public, private, denominational or parochial school, and shall include all buildings used to impart instruction provided by colleges and universities when being operated under the laws of this State except such buildings used primarily for adult education or college extension courses. The term does not include any proprietary trade or occupational school, such as, a barber school, beauty school, music school or electronics school." CL 1948, § 436.2y (Stat Ann 1964 Current Material, p 238).

Because of its passage, however, this Court entered an order on June 30, 1964, that the circuit court might consider such legislation in the light of any application for modification or dissolution of its injunction. An order dissolving the injunctive judgment was entered on August 3, 1964. This Court's order of June 30, 1964, also provided that appellant Spadafore was not prejudiced by this appeal from undertaking a new proceeding under PA 1964, No 116, and that appellant city of Pontiac was not prevented from considering a new application for the transfer of said class "C" license.

No costs, a public question being involved.

BLACK, J., concurred with ADAMS, J.

KELLY, J. I agree with Justice ADAMS' statement: *"If the 1962 amendment is restrictive* as to the definition of a 'school' no further question need be decided," which would mean that the trial court should be reversed and appellant should prevail.

I disagree with Justice ADAMS' conclusion: "We construe the use of the word 'include' in section 2y to be a *word of enlargement* rather than limitation."

This Court is fully aware that confusion and litigation arose in the past as to what the legislature meant by the word "school" and it seems apparent that the 1962 amendment (section 2y)[1] was passed to eliminate that confusion. No one has claimed, nor can claim, that confusion has existed as to whether those who received public or parochial instruction from the kindergarten to college were included within the group to be protected from the possible harm of being instructed within 500 feet of a liquor license business. There was common agreement they were included in the group.

---

[1] CL 1948, § 436.2y, as amended by PA 1962, No 3 (Stat Ann 1963 Cum Supp § 18.972[25]).

The confusion arose because so many received instruction in a wide variety of schools, some of which are: cosmetology schools, beauty schools, barber schools, music schools, art schools, dancing schools, riding academies, fencing schools, archery schools, business schools, mechanical and trade schools, butcher schools, tool and die schools, nursing schools, sewing schools, and schools for bartenders.

Webster defines the word "enlargement" to mean: "Increase in bulk or extent: augmentation, expansion, extension, something added."[2]

To conclude that the amendment was one of enlargement would mean that the legislature intended something should be added to those mentioned in the statute—grades kindergarten through 12, et cetera—and that the group should be enlarged to include the wide variety of schools mentioned above. I cannot subscribe to such an interpretation.

Appellants make my point in this way:

"It is defendants' and appellants' position that the word [include] was used as a word of limitation due to the fact that there was a definite need to define and limit schools in the statute. That there has been litigation over this issue was known to the legislature when the statute in question was adopted. Our position is strengthened by the fact that an exception was placed at the end of section 2y so that buildings used primarily 'for adult education or college education extension courses' were excepted from the statute. The word 'include' as used in the statute is one of limitation and not enlargement because there is not contained in the statute a genus or principal class to which some other or subclass is being added by enlargement. Since there is no general class or genus within which the lesser class may be included, the definition prescribes the class itself and is all inclusive, being a term of limitation. De-

2 Webster's Third New International Dictionary, p 754.—Reporter.

fendants urge that this construction is in accord with the etymology of the word 'include.' "

The word "include" has been used many times in the past both as a term of enlargement and of limitation, and the word of and by itself cannot determine intent to the exclusion of all other words to which it refers.

The legislature's command that there be a liberal construction of the liquor control act calls for an interpretation that will carry out the intent and purpose of the legislature and not a technical construction which would defeat the intent and purpose of the amendment.

Nothing in the liquor control act, or any licensing or regulating statute, justifies a conclusion that because the legislature recognized the necessity of licensing or regulating one or more of the many teaching endeavors, that that would bring that endeavor within the "500 feet" church or school provision.

Subsequent to the trial court's granting of the injunction complained about, the 1964 legislature reenacted section 2y and added one sentence, namely: "The term does not include any proprietary trade or occupational school, such as, a barber school, beauty school, music school or electronics school."

In the writer's opinion this sentence merely reemphasizes what the legislature had previously stated in the 1962 amendment.

Justice ADAMS in his opinion refers to the fact that after the 1964 amendment this Court called that fact to the attention of the trial court, and states that "an order dissolving the injunctive judgment was entered on August 3, 1964," by the trial court. However, the trial court's order dissolving the injunction expressly provided that such order of dissolution was not retroactive and would only apply

after May 15, 1964, being the date when the legislative 1964 amendment became effective.

Justice ADAMS has not treated this appeal as though the 1964 legislative enactment, or our Court's order, or the circuit court's subsequent order, made the question moot, or that appellants are not entitled to a determination on the merits as to whether the court erred in considering the 1962 amendment as an enlargement justifying the granting of an injunction. With that conclusion I agree.

I cannot agree that the legislative words were words of enlargement and, hence, this dissent and recommendation that defendants' prayer be granted —namely, the judgment enjoining defendants from proceeding with transfer and relocation of the class "C" liquor license is reversed and the complaint and amended complaint are dismissed.

Reversed. Costs to defendants and appellants.

KAVANAGH, C. J., and DETHMERS, SOURIS, SMITH, and O'HARA, JJ., concurred with KELLY, J.