COLONY PARK ASSOCIATION v DUGAS

COVENANTS—RESTRICTIVE COVENANTS—MOTOR HOMES—FREE USE OF PROPERTY.

Restrictive covenants on the use of land are to be strictly construed against parties seeking their enforcement and where an injunction is sought to prevent defendants from parking their motor homes in their driveways based on a property restriction which does not specifically prohibit motor homes, or automobile drawn trailer homes, the injunction should not be granted because where restrictions are ambiguous uncertainties are resolved in favor of the free use of property.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 December 12, 1972, at Lansing. (Docket No. 13430.) Decided January 18, 1973.

Complaint by Colony Park Association against Philip Dugas, Alice Dugas, Karl M. Doeren, and Ruth C. Doeren to enjoin the parking of motor homes in defendants' driveways. Judgment for defendants. Plaintiff appeals. Affirmed.

*Seely, Boyer, Gilleo & Simon,* for plaintiff.

*Leonard J. Simasko,* for defendants.

Before: FITZGERALD, P. J., and McGREGOR and TARGONSKI,* JJ.

PER CURIAM. Plaintiff brought suit to enjoin defendants from parking their motor homes in

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Covenants, Conditions, and Restrictions §§ 185, 187.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

their driveways within the Colony Park Subdivision, charging that in doing so, defendants violated a recorded property restriction which provides:

"No tent, camping outfit or other temporary structure shall be erected, maintained or suffered to remain on said lots except such temporary structures as may be necessary for use in connection with the construction of such buildings and other structures as are permitted by this contract for such time and under such conditions as may be permitted in writing by said first parties."

After hearing arguments on the matter, the trial court ruled to deny plaintiff's request for injunctive relief. Examining the full text of the restriction, we note that it fails to specify motor homes for exclusion. The restriction was adopted in 1927. There is nothing to indicate that contemporary motor homes were within the contemplation of the drafters and it is significant to note that the restriction fails to prohibit automobile drawn trailer homes. Under the principles that restrictive covenants on the use of land are not favored and are to be strictly construed against parties seeking their enforcement, *Eveleth v Best,* 322 Mich 637, 642 (1948); *Moore v Kimball,* 291 Mich 455, 461 (1939), and where restrictions are ambiguous, uncertainties are resolved in favor of the free use of property, *Bastendorf v Arndt,* 290 Mich 423, 426 (1939), we rule to affirm the trial court.

Affirmed.