ECHLIN *v.* CANVASSER.

1. Appeal and Error—Statutory Provision—Exceptions.

The only exception to the statutory provision (3 Comp. Laws 1915, § 13754) that parties desiring to appeal must file claim of appeal within 20 days from the entry of the decree, is the provision in Supreme Court Rule No. 61, for cross-appeals, giving the other parties 20 days after notice of the first appeal in which to claim appeal.

2. Same—Appeals are Statutory.

Appeals are statutory, and unless the statute is followed the appellate court does not acquire jurisdiction.

3. Same—Appeal After Expiration of Statutory Period Too Late.

An appeal by one who intervened as plaintiff 11 months after entry of decree, and after the sole plaintiff had discontinued her appeal, is too late to confer jurisdiction on the appellate court, and the appeal is therefore dismissed.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 28, 1927. (Docket No. 108.) Decided June 6, 1927.

Bill by Mary Echlin and others against Morris Canvasser and another to restrain the violation of building restrictions. There was a decree dismissing the bill, and Mary Echlin appealed. After the appeal was dismissed, Frank Austin was permitted to intervene as a party plaintiff and appealed from the decree dismissing the bill. Appeal dismissed.

*Slyfield, Hartman & Mercer* (*Donald I. Albaugh,* of counsel), for plaintiff Austin.

*Abram Sapiro,* for defendants.

[1]Appeal and Error, 3 C. J. § 1039; [2]Id., 3 C. J. §§ 29, 1031; [3]Id., 3 C J. §§ 1032, 1074; 4 C. J. § 2380.

FELLOWS, J.   Plaintiffs Mary Echlin, Robert J. Kuebler, and Ella Kuebler filed the bill in this case to enforce certain building restrictions.   When the case came on for hearing plaintiffs' attorney announced that defendants had made a satisfactory settlement with Mr. and Mrs. Kuebler, and the case proceeded as to Mary Echlin alone.   Upon the hearing of the case there was a suggestion that Frank Austin, who was a witness, and others might desire to intervene, but no petition for that purpose was then filed, and no order was made.   On February 25, 1926, a decree was filed dismissing the bill.   Mary Echlin seasonably and properly appealed to this court.   From time to time there was extension of time to perfect her appeal. On February 5, 1927, Mary Echlin filed a dismissal of her appeal.   On February 21st following, Frank Austin filed a petition in the circuit court to intervene, and on February 24th the prayer of the petition was granted.   On the day before he had filed a claim of appeal from the original decree.   A motion is now made to dismiss this appeal.

We pass the question of the power of the circuit court in chancery, after appeal to this court, to take any steps other than the taxation of costs and the perfection of the appeal and come to the only question discussed by counsel, i.e., whether the appeal of Austin taken under the circumstances set forth may be heard. Mary Echlin seasonably filed her claim of appeal (March 12, 1926).   Austin's claim of appeal was filed February 23, 1927, over 11 months later, and after Mary Echlin had dismissed her appeal.   Under section 13754, 3 Comp. Laws 1915, parties desiring to appeal must file claim of appeal within 20 days from the entry of the decree.   The only exception to this statutory provision, so far as called to our attention or which we have been able to find, is the provision found in Supreme Court Rule No. 61 for cross-appeals,

giving the other parties 20 days after notice of the first appeal in which to claim appeal. This rule is applicable only to parties to the decree appealed from. In a uniform line of decisions this court has held that appeals are statutory, and unless the statute is followed the appellate court does not acquire jurisdiction. Austin has not in any way followed the statute. He filed his claim of appeal nearly a year after the entry of the decree and after the sole plaintiff had discontinued her appeal. This was too late.

The attempted appeal of Austin will be dismissed, and, as Mary Echlin is no longer objecting to the decree, it will be affirmed. Costs of the motion will be allowed defendants against Austin.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.