## AUSTIN *v.* KIRBY.

1. COVENANTS—DEEDS—RESTRICTIONS STRICTLY CONSTRUED.
    Restrictions in deeds will be construed strictly against the grantors and those claiming to enforce them, and all doubts resolved in favor of the free use of the property.

2. SAME—RESTRICTION NOT PROHIBITING BUSINESS BUILDING WILL NOT BE CONSTRUED TO DO SO.
    Where a restriction in a deed does not definitely forbid the erection of a building for business purposes, the court will not imply anything in addition thereto and restrain its erection, although inference might possibly be drawn from the restriction, which was carelessly worded, that the use of the lot was intended to be limited to residence purposes.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 15, 1927. (Docket No. 35.) Decided July 29, 1927.

Bill by Frank Austin against Mary Kirby, the Vinton Company, and others to enjoin the violation of building restrictions. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Donald I. Albaugh,* for plaintiff.

*Sherman D. Callender* (*Walter M. Trevor,* of counsel), for defendant Vinton Company.

SHARPE, C. J. The plat of what is known as the Dexter Boulevard Heights subdivision, in Detroit, was recorded on June 25, 1914. It consists of 328 lots, extending from Dexter boulevard to Linwood avenue. The lots on these streets (12 on Dexter and 20 on Linwood) front on them. Rochester avenue runs through the center of the plat. There are four rows

[1]Deeds, 18 C. J. § 450; 7 R. C. L. 1115; 2 R. C. L. Supp. 512, 5 R. C. L. Supp. 438; [2]Id., 18 C. J. § 450.

of lots extending the entire distance between the lots on Dexter and those on Linwood. The defendant Vinton Company purchased lots 249-252 from the other defendants. These lots front on Dexter boulevard, but do not touch Rochester avenue. Plaintiff owns lot 203 and one-half of lot 204. These lots front on this avenue, and are distant from Dexter boulevard about 1,500 feet.

On November 2, 1925, Morris Canvasser and Charles Hamburger, being the owners of lot 98, fronting on Dexter boulevard, began the erection of a building thereon to be used for business purposes. Mary Echlin and others sought to enjoin the construction because of the building restriction thereon. Their bill was dismissed. Plaintiff herein ineffectually sought to review the decree by appeal to this court. *Echlin* v. *Canvasser*, 239 Mich. 116.

The restriction imposed on all the lots except those fronting on Linwood avenue reads as follows:

"Any building erected upon said property shall be 15 feet from the front line of said property and not less than 1½ stories, with 14-foot posts in height, cost at least $2,500, and no shanties or sheds shall be erected on said premises to be used for dwelling purposes."

It was very carelessly worded. The inference may perhaps be drawn, as claimed by plaintiff, that residences only shall be erected thereon. But it does not say so, and the provision relative to shanties or sheds seems to negative such claim. The restriction on the lots fronting on Linwood avenue, now used for business purposes, reads the same as the above except that the requirement that the building shall be set back 15 feet from the lot line is eliminated. There is no building on plaintiff's lots. The facts as stipulated do not disclose the extent to which buildings have been constructed on the plat. A large apartment house has been built, fronting on Dexter boulevard. No

such general plan has been followed as permits the application of the rule relative thereto. While it appears that plaintiff purchased his vacant lots believing that the subdivision except the lots fronting on Linwood avenue was restricted to residential purposes, it also appears that defendant purchased relying on the advice of counsel that it would not prevent him from erecting the building for business purposes now in course of construction.

As before stated, defendant's building will not front on the same street as plaintiff's lots do, nor will it be near his home, should he build one thereon.

"Restrictions in deeds will be construed strictly against the grantors and those claiming to enforce them, and all doubts resolved in favor of the free use of the property." *James* v. *Irvine,* 141 Mich. 376, 380.

"Restrictions upon otherwise lawful use must be explicit in terms. Doubts, if any, arising in construing restrictive provisions will not be solved in favor of limited use of the property." *DeGalan* v. *Barak,* 223 Mich. 378, 380.

The restriction in question does not definitely forbid the erection of defendant's building on the lots owned by it, and we cannot imply anything additional to that fixed by the conveyance. *Hill* v. *Rabinowitch,* 210 Mich. 220.

The trial court found that the "Vinton Company is erecting said building in full compliance with the restriction." The proofs warranted this finding.

The decree dismissing plaintiff's bill is affirmed, with costs to appellees.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.