## SUN OIL COMPANY *v.* TRENT AUTO WASH, INC.

1. MONOPOLIES—RESTRAINT OF TRADE—RULE OF REASON.
   Restraint of trade is prohibited only when it is unreasonable.

2. SAME—RESTRAINT OF TRADE—RESTRICTIVE COVENANT—GASOLINE
   SALES.
   Restrictive covenant reserved by common grantor on defendant's
   4 lots, adjacent to plaintiff's 2 lots used in connection with
   gasoline station, which prohibited storage and sale of gasoline
   and petroleum products on defendant's premises *held,* not an
   unreasonable restraint of trade.

3. COVENANTS—CONSTRUCTION.
   Construction of a covenant by examination of only the words used
   is proper when their meaning is clear and unambiguous.

4. SAME—CONSTRUCTION—INTENT OF PARTIES—AMBIGUITY.
   Covenant will be construed in light of circumstances surrounding
   its execution, the relation of the parties, the nature of the
   subject matter, and the apparent purpose in making the agree-
   ment .only when the language is ambiguous, but these consid-
   erations will not be applied when the language of the agree-
   ment leaves no doubt as to the meaning of the covenant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur, Monopolies, Combinations and Restraints of Trade
    §§ 5, 8.
[2] 36 Am Jur, Monopolies, Combinations and Restraints of Trade
    §§ 50, 52, 53; 20 Am Jur 2d, Covenants, Conditions and Re-
    strictions §§ 182, 207.
[3] 36 Am Jur, Monopolies, Combinations and Restraints of Trade
    § 57; 20 Am Jur 2d, Covenants, Conditions and Restrictions § 185.
[4] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 185, 186.
[5] 20 Am Jur 2d, Covenants, Conditions and Restrictions § 186.
[6] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 180,
    185, 186.

5. SAME—RUNNING WITH LAND—INTENT.

    Covenant will be determined as personal or to run with land in light of the intent of the parties.

6. SAME—INTENT—GASOLINE.

    Covenant restricting property to prohibit sale and storage of gasoline and petroleum products *held,* not ambiguous and meant to bind subsequent grantees even though words, "heirs and assigns," are not used.

Appeal from Macomb; Noe (Alton H.), J. Submitted Division 2 April 6, 1965, at Detroit. (Docket No. 199.) Decided March 9, 1966. Leave to appeal granted by Supreme Court May 17, 1966. See 377 Mich 710, 379 Mich 182.

Sun Oil Company, a New Jersey corporation, presented a complaint for injunction against Trent Auto Wash, Inc., a Michigan corporation, to restrain defendant from erecting gasoline storage and dispensing equipment in derogation of an alleged restrictive covenant on defendant's property. Judgment for plaintiff. Defendant appeals. Affirmed.

*Robert E. Childs,* for plaintiff.

*Colombo, Colombo, Colombo & Vermeulen (Anthony A. Vermeulen,* of counsel), for defendant.

T. G. KAVANAGH, P. J. The facts in this case were not disputed.

On September 28, 1962, Clara Williams conveyed lots 4 and 5 of Assessor's Plat No 9 in the city of St. Clair Shores to the plaintiff Sun Oil Company. Sun Oil had previously acquired lots 1, 2, and 3 of such plat on which was erected a gasoline station.

The deed contained the following language:

"Grantor agrees that property now owned by grantor lying north of and adjacent to the within described premises shall not be used for or in connection with the operation of a gasoline service sta-

tion or filling station for the sale of gasoline motor fuel, petroleum products, automotive accessories or automotive services generally."

She subsequently sold lots 6–9 in the same subdivision to the defendant Trent Auto Wash, Inc., on land contract. It is agreed that these lots are the property referred to in the quoted language above as "property now owned by grantor lying north of and adjacent to the within described premises" and that Trent knew of the language in the Sun deed.

When Trent proposed to install gasoline storage and dispensing equipment on this land for the sale of gasoline in conjunction with its auto wash business, Sun's petition for an injunction restraining Trent was granted by the chancellor on his judgment that the quoted language amounted to a valid restrictive covenant running with the land.

Trent asserts error maintaining:

1. To construe this covenant as intending to bind the covenantor's grantees or to prohibit the proposed use is to extend the restriction beyond the express words of the covenant in contravention of established legal practice.

2. To give effect to this covenant is to enforce an agreement which is an illegal restraint of trade.

The second issue poses a relatively simple question and for convenience we treat it first.

Defendant asserts that restraint of trade contemplated by the covenant is prohibited by statute

The cases of *Staebler-Kempf Oil Company* v. *Mac's Auto Mart, Inc.* (1951), 329 Mich 351; *Watrous* v. *Allen* (1885), 57 Mich 362; and *Hubbard* v. *Miller* (1873), 27 Mich 15, establish the rule that only an unreasonable restraint of trade is to be prohibited.

We cannot say that limiting three lots is so extensive or forbidding the sale of petroleum products or automotive accessories or services is so intensive

a restriction on trade as to be unreasonable. We find this assertion of error without merit.

The first issue, however, is complex and difficult and requires more detailed analysis.

The thrust of Trent's argument is that considered alone the words of the covenant (1) bind only the covenantor because no words unequivocally indicating an intent to bind subsequent assignees were used and (2) do not spell out unequivocally a prohibition of the proposed use.

Trent asserts that we can look only to the words used. To do otherwise, he contends, is to extend by construction a restrictive covenant in violation of the principles laid down in *Sampson* v. *Kaufman* (1956), 345 Mich 48; *Stoia* v. *Miskinis* (1941), 298 Mich 105; *In re Nordwood Estates Subdivision* (1939), 291 Mich 563; *Moore* v. *Kimball* (1939), 291 Mich 455; *Bastendorf* v. *Arndt* (1939), 290 Mich 423 (124 ALR 445); and *Austin* v. *Kirby* (1927), 240 Mich 56.

We do not so read those cases.

We look only to the words used when their meaning is clear and unambiguous.

"Where the language of an agreement is susceptible to more than one meaning, it is construed in the light of circumstances surrounding its execution, the relation of the parties, the nature of the subject matter, and the apparent purpose in making the agreement; *but these considerations do not apply when the language of the agreement leaves no doubt as to its meaning.*" (Emphasis added.) *Moore* v. *Kimball, supra,* p 461.

In the case before us there are two areas of challenge by the appellant. We find the language ambiguous in the first—who was intended to be bound?

"Grantor agrees that property  *  *  *  shall not be used" might be read as as undertaking on the

part of the covenantor that the property would *never* be used or it might be read as an undertaking that it would not be used so long as the grantor had title.

The intention of the parties in this regard must be determined by reference to the "circumstances surrounding its execution, the relation of the parties, the nature of the subject matter, and the apparent purpose in making the agreement." (*Moore* v. *Kimball, supra,* p 461.)

Whether this covenant is to be regarded as a personal covenant or one running with the land will ultimately depend on the intention of the parties. See 20 Am Jur 2d, Covenants, Conditions, and Restrictions, § 31 and 21 CJS, Covenants, §§ 20, 54, and 60.

Both sides agree that there is no magic in the words "heirs and assigns." Trent argues that the fact that the words were not used is some indication that it was not intended to bind "heirs and assigns," but the covenantor only.

Sun argues that the language which was used is a better indication of what was intended than language that was not used and claims "that property * * * shall not be used" shows the intention to bind the land without regard to the person holding title.

To our mind the overriding consideration is "the nature of the subject matter, and the apparent purpose in making the agreement" (*Moore* v. *Kimball, supra,* p 461) which patently is the limitation of competition on this land. The intention to effect this end, we believe is more consistent with the construction that the covenant was meant to bind "heirs and assigns" even though the words were not used.

In the other area of challenge—do the words "gasoline service station or filling station for the

sale of gasoline motor fuel," et cetera, include the proposed use by Trent? ——— we see no ambiguity.

A "filling station for the sale of gasoline motor fuel," expresses a concept broader than a "gasoline service station." It includes any "station" or place offering gasoline for sale to the general public, through the method of "filling" tanks or other containers brought to the "station". It includes gasoline pumps at an auto wash.

Accordingly we find no reversible error in the chancellor's decision, so it is affirmed.

We acknowledge that our decision is not in accord with the case of *Lowe* v. *Wilson* (1952), 194 Tenn 267 (250 SW2d 366) or the authorities cited therein for we are not persuaded that blind adherence to such a technical rule is required by or desirable (in our view) for the jurisprudence of Michigan.

We observe that appellant is correct in the statement in his reply brief that "although plaintiff contends that the lack of words 'heirs or assigns' or words of similar import are unimportant, strangely enough, every case pertaining to convenants binding on subsequent parties which plaintiff has cited contains such words."

Plaintiff, however, could have cited the following cases which are authority for the position we adopt: *Kellogg* v. *Robinson* (1834), 6 Vt 276; *Sexauer* v. *Wilson* (1907), 136 Iowa 357 (113 NW 941); or *Metropolitan Investment Company* v. *Sine* (1962), 14 Utah 2d 36 (376 P2d 940).

Finally we mention that our view is not in accord with that expressed in 5 Restatement of Property, § 537. We do not share the concern there expressed in the comment (f) on that section (p 3221) anent the social harm involved.

Affirmed. Appellee may tax its costs.

HOLBROOK and McGREGOR, JJ., concurred.