SUN OIL COMPANY *v.* TRENT AUTO WASH, INC.

1. COVENANTS—RESTRICTIVE COVENANTS—DEEDS—CONSTRUCTION.

Restrictive covenant between grantor and oil company grantee that grantor's other property adjacent to plaintiff grantee's property would not be used for or in connection with operation of a gasoline service station or a filling station selling gas or automotive products was not ambiguous and was intended to exclude the type of business in which defendant planned to engage, an auto wash with gas to be sold in conjunction with that business.

2. COVENANTS — RESTRICTIVE COVENANTS — LENGTH — DEEDS — JUDGMENTS.

A judgment sustaining the operation of a restrictive covenant for 40 years was not incorrect where the trial court found that such covenant, restricting the commercial uses of property adjacent to plaintiff oil company's land, might reasonably be continued in effect for the projected life of plaintiff's service station.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 January 8, 1970, at Lansing. (Docket No. 7,040.) Decided March 30, 1970. Leave to appeal denied August 27, 1970. 383 Mich 824.

Complaint by the Sun Oil Company, a New Jersey corporation, against Trent Auto Wash, Inc., a Michigan corporation, for a declaratory judgment to

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 169, 207.
[2] 20 Am Jur 2d, Covenants, Conditions and Restrictions §§ 182, 183, 207.

determine validity of a restrictive covenant running with the land.  Judgment for plaintiff.  Affirmed.

*Robert E. Childs,* for plaintiff.

*Cartsos, Christi & Rosati,* for defendant.

Before: Levin, P. J., and Holbrook and Bronson, JJ.

Per Curiam.  In order to expand an existing gasoline service station, plaintiff purchased five parcels of land from various owners.  The grantor of two of the lots (lots 4 and 5), Clara Williams, also was the owner of adjacent lots 6 through 9.  The deed executed by the grantor contained the following restrictive covenant:

"* * * Grantor agrees that property now owned by Grantor lying north of and adjacent to the within described premises shall not be used for or in connection with the operation of a gasoline service station or filling station for the sale of gasoline, motor fuel, petroleum products, automotive accessories, or automotive services generally."

Defendant subsequently purchased lots 6 through 9 from Clara Williams with full knowledge of the existence of the deed and covenant between Clara Williams and plaintiff and commenced the construction of an auto wash.  At the time construction was begun, defendant had sought and was granted a permit from the City of St. Clair Shores allowing the construction on the property of underground gasoline storage tanks and for pumps to enable him to sell gasoline in conjunction with the auto wash business.

In June, 1964, plaintiff sought declaratory judgment to determine the validity of the restrictive covenant and requested an injunction against the

construction of the underground tanks. The Macomb County Circuit Court found for plaintiff. That opinion was affirmed by this Court in *Sun Oil Company* v. *Trent Auto Wash, Inc.* (1966), 2 Mich App 389. The Supreme Court remanded for a full hearing on the matter at 379 Mich 182. Following a rehearing in the Macomb County Circuit Court in February, 1969, judgment was again entered for plaintiff. Defendant has appealed this decision.

Defendant contends that the restrictive covenant contained in the deed from Clara Williams to plaintiff was not meant to exclude an auto wash at which gasoline is sold incidentally. The lower court held that the term "gasoline service station or filling station for the sale of gasoline or motor fuel" was not ambiguous and that the parties sought, through the inclusion of the covenant, to prevent the construction on this adjoining land of a business which would compete with plaintiff's service station. The court found that the operation contemplated by defendant was that sort of activity intended by the covenant to be prevented. In accord with this finding, an injunction was granted as requested by plaintiff.

The trial court found that the covenant was intended to exclude such business as defendant now intends to engage in by selling gasoline. On the basis of the record, we cannot say that defendant's auto wash, by selling gasoline, would not substantially damage plaintiff's business. We find that the lower court was not in error in granting an injunction. There was no error in the finding of the lower court that the covenant might reasonably be continued in effect for the projected life of plaintiff's service station and, accordingly, the judgment sustaining the operation of the covenant for a period of 40 years was not incorrect.

Affirmed. Costs to appellee.